## Samuel Roberts v. The Highway Commissioners of Cottrellville.

*Highways: Encroachments: Certiorari: Return.* In proceedings had under the statute (*Sess. L. 1861, p. 153*), before a justice of the peace and a jury, at the instance of the highway commissioners, for an alleged encroachment upon a highway, neither the commissioners nor the township clerk have any official authority to take down or file the oral evidence given on the trial; and their return thereof to a writ of *certiorari* issued to bring up such proceedings for review, is without authority. Only the justice who presided over the proceedings can officially make such return.

Where the justice has made a return of all the proceedings except the evidence, but has not returned that, or in any manner authenticated the return thereof made by the township clerk, the oral evidence so returned by the clerk will not be considered. The return of the commissioners, however, properly certified, of the documentary evidence, consisting of such documents relating to the controversy as are on file in the office of the township clerk, including the finding of the jury, is sufficient to bring them upon the record.

*Statute construed: Highways.* The statute (*ubi supra*) gives the power to institute proceedings only "when a highway shall have been laid out and opened," and applies only to highways actually laid out and opened under the statute, and not to those which exist only by dedication or user.—*Parker v. People,* 22 *Mich.,* 93.

*Highways: Encroachments: Petition: Statute construed.* A petition or application signed by "ten freeholders, or more persons in the township liable to be assessed for highway labor," is made by the statute (*Comp. L.* § 1045) a condition precedent to the power of highway commissioners to lay out and open a highway; and in proceedings for an alleged encroachment the want of such petition or application for the laying out of the highway in question, in the absence of any proof of its existence and subsequent loss, is fatal.

*Proceedings relative to highway encroachments: Title to lands.* Questions of title to real estate cannot be tried in this summary proceeding, which was intended only to try questions of where the highway is and whether the alleged encroachment is within it, rather than questions of whether the alleged highway exists at all, and what are the true lines between adjoining tracts; and whenever the contest before the jury appears to be really one involving in good faith the latter class of questions rather than the former, the whole proceeding should be dismissed by the jury as beyond their jurisdiction.

*Heard April 17. Decided April 23.*

*Certiorari* to the commissioners of highways, John Spinks, township clerk of the township of Cottrellville in the county of St. Clair, and Peter Krieder, justice of the peace, to bring up for review proceedings under sections 1087 and 1089, Compiled Laws, for an alleged encroachment upon a highway by Samuel Roberts.

*H. M. & W. E. Cheever,* for plaintiff in *certiorari.*

*Trowbridge & Atkinson,* for respondents.

CHRISTIANCY, CH. J.

When this case was before us at the last October term (*24 Mich., 182*), upon a writ of *certiorari,* issued to the commissioners of highways, and to John Spinks, with a return signed only by John Spinks, township clerk, without appearing to have been made by the authority or direction of the commissioners, we held that this was not an official return of the commissioners; and as the main questions sought to be litigated grew out of the evidence submitted to the jury on the trial of the encroachment, and what purported to be testimony taken down by Spinks, the township clerk, was sent up by him, which we held to have been taken unofficially, and that neither he nor the commissioners had any authority to take or return it, we could not consider the evidence, and held that the writ should have been issued to the justice who presided over the pro-

ceedings, as well as to the commissioners, so that the justice might return what the evidence was which had been given to the jury. For these reasons we dismissed the writ without prejudice to any other writ which might be brought.

A new writ has been issued to the justice, the commissioners and the township clerk; and the commissioners, by their clerk, have made a return properly signed on their behalf, and, as he certifies, by their authority. This is sufficient as to all matters contained in the return which the commissioners or the clerk had any authority officially to return. This, like the former return, contains what purports to be the evidence taken down by the township clerk on the hearing before the jury; but as already remarked in the former case, he had no more authority to take the evidence than any other by-stander who might have been present; and neither he nor the commissioners had any official authority to take down, file or return the evidence. This could only be done officially by the justice who presided over the proceedings. He could officially return the evidence; and, if not taken down or preserved by him in writing, he could still return officially the substance of the evidence according to his best recollection of it.

The justice has now made a return of all the proceedings before him *except the evidence*; but has carefully abstained from returning that, or in any manner authenticating that taken down and sent up by the clerk. All he says upon this point is, that " the defendant's attorney requested John Spinks, the township clerk, to take his seat in court and take the proceedings in writing," and again he says, " from the time of calling the suit, I did not take any proceedings in writing, for the defendant's attorney had requested Mr. John Spinks, township clerk, to do the same. The court only ruled the proceedings till the jury returned," etc.

It is, therefore, just as clear upon this, as upon the former, return, that we have none of the oral evidence before us; though we have a return of the commissioners, properly certified of such documents relating to the controversy as are on file in the office of the township clerk, including the finding of the jury; and we must either proceed to dispose of the case upon these, or make an order for a further return by the justice. We should have been disposed to take the latter course, if, on looking into the evidence taken down by the clerk (and which, from the course of the argument, we judge, must at least show the general nature of the evidence given, though we cannot act upon it), we had not been pretty well satisfied that the result of the case would have to be the same *with* or *without* the oral evidence. We, therefore, proceed to dispose of the case upon the documents properly returned by the clerk. It sufficiently appears from the commissioners return that the only record evidence tending to show the laying out or the existence of the road (for the encroachment upon which, these proceedings were instituted) consisted of, *first*, a survey signed by one Nathan Ward, and purporting by its caption to be " a description of a highway laid out in the township of Cottrellville, county of St. Clair, and state of Michigan, on the 5th of March, 1850;" *second*, a direction or order of the commissioners to the township clerk, dated March 26th, 1850, in these words: " The commissioners of highways for the township of Cottrellville (to wit), Reuben Smith, O. B. Reed, and Henry Cottrell, met this day at T. C. Owen's store, and having examined the above survey and approved thereof, hereby order and direct the township clerk to record the same according to law," signed by two of the commissioners; and, *third*, what purports to be a relinquishment by Roberts (plaintiff in *certiorari*), and others described as proprietors of land, of all claims to damages by

laying out a road, which they described, but which, without parol evidence to explain it, does not of itself sufficiently show that it relates to the *same* road of which the above mentioned survey is given.

Now, as a condition precedent to power of the commissioners to lay out this road, there must have been a petition or application signed by "ten freeholders, or more persons in the township liable to be assessed for highway labor," for the laying out of such road.—*Comp. L.,* § *1045.* Until this application was presented they had no power to lay it out; and this, as the very foundation of their power, ought to appear of record. Without parol evidence, therefore, to explain the original existence and subsequent loss of such application, no authority for laying out such road is shown.

Now, the statute under which these proceedings have been instituted against the plaintiff in the present writ, for an encroachment (*Comp. L., chap. 23,* § *2,* as amended by act of 1861, *Sess. L., 1861, p. 153*), gives the power to institute such proceedings only in cases "when a highway shall have been laid out and opened." This we think cannot be made applicable to a highway existing only by dedication or user, but only to highways actually *laid out* and opened under the statute, and we so held in *Parker v. The People, 22 Mich., 93.*

The presentation of the necessary application to the commissioners and its subsequent loss might perhaps have been shown by evidence outside of the record, and such evidence is claimed to have been given; but, as no such evidence is officially returned, we cannot regard it; and must, therefore, hold, in the present condition of the return, that no road is shown to exist for any encroachment upon which, the proceedings instituted can be maintained. But if the evidence sent up by the clerk were properly before

us, we are unable to see how this result would be altered, as it only tended to show a road three rods wide, the center of which was upon the line between private land claims 191 and 318, and none of the evidence fairly tended to show that the encroachment complained of, would fall within the lines of a road of that width thus located.

It is further to be observed that, upon the supposed evidence, the main questions involved seem to have been, *first*, whether there was any road "there or thereabouts," properly laid out and opened; and, *second*, where the line between private claims 191 and 318 really was; both of which questions involve the question of title to real estate, a question obviously never intended (and if intended, not competent) to be tried in this summary proceeding, which we think was only intended to try the question *where* the road *is* and whether the encroachment is within it, rather than the questions, whether the road claimed *exists at all*, or what are the true lines between adjoining tracts of land. And whenever the contest shall appear before the jury to be, really and in good faith, a question of the existence of the highway claimed, or a question involving the title to real estate, rather than a question of encroachment upon a highway admitted to exist, or the existence of which is not in good faith seriously contested, or so clearly shown as to admit of no real and *bona fide* contest, the whole proceeding should be dismissed by the jury, as beyond their jurisdiction in such a proceeding.

In any view, therefore, the proceedings of the commissioners and the finding of the jury in reference to the alleged encroachment in this case must be reversed and set aside as without authority of law; and the plaintiff in *certiorari* must recover his costs.

COOLEY and CAMPBELL, JJ., concurred.

GRAVES, J., did not sit in this case.