## Charles F. Campau v. Harry Button and others.

*Certiorari: Parties.* Certiorari to review proceedings to remove an encroachment upon an asserted highway, will not be dismissed on the ground that the plaintiff in the writ does not appear by the record technically and formally as an original party, when it is apparent he has rights which were affected by the proceedings, and that he was treated and recognized throughout as a substantial party.

*Highways: Encroachments: Existence of highways.* In proceedings under the statute to remove encroachments and obstructions to highways, it is not competent to make trial of the question of the existence of the asserted highway; if its existence is seriously questioned, that must be settled in some other way.

*Heard April 6. Decided April 18.*

*Certiorari* to Justice of the Peace, Highway Commissioner, and Clerk of the Township of Springwells.

*A. G. Comstock* and *F. A. Baker*, for plaintiff in *certiorari*.

*Henry M. Cheever*, for defendants in *certiorari*.

GRAVES, J :

The highway commissioner of Springwells proceeded un-der the statute, *chapter 27, C. L.* as amended by act sixty-five of the laws of 1875, to establish the existence of an encroachment on an asserted highway or street called Vine-wood avenue, and the proceeding was prosecuted to a jury finding that the alleged encroachment existed.

A review is now asked by Charles F. Campau on *certiorari*.

The respondents object that he does not appear by the record to be in a situation to claim such review.

We cannot accede to this idea.   The record plainly indicates that Campau has rights subject to be injuriously affected by the course taken, and, moreover, that the com-missioner and the jurors, in fact, however informally and irregularly, treated and recognized him as a substantial party.    It would be strange if third parties might shape a litigation so as to implicate his rights, and still exclude him as a party, and then after obtaining a determination preju-dicial to his claim, deny him all right of review because he was not technically and formally an original party.

There are several errors in the proceedings, but there is no occasion to notice more than one or two.

*First.*  The record shows that there was no evidence that the supposed encroachment was within a platted street or laid out highway.

*Second.* It is plain that the main and only substantial ques-tion attempted to be settled was whether the place occupied by the alleged encroachment was a public highway or private ground.   The existence in fact of the erection supposed to be an encroachment, and the quality and extent of it, and its actual site, do not appear to have been seriously ques-

tioned. The real dispute was, whether there was or was not a highway there.

As it did not appear that the erection touched any laid out and open highway, the proceeding was futile.—*Roberts v. Commr. of Highways of Cottrellville, 25 Mich., 23.* Moreover it was not competent to make actual trial before the jury whether or not a highway existed.

The legislature never meant to leave a matter of such importance and difficulty to be contested and decided summarily and by such a tribunal. The design was to allow a trial of the fact of encroachment when disputed, and not whether there was or was not a highway liable to be encroached upon. If seriously questioned, that must be settled in a different way. The statute *(§ 1290 C. L.)* first assumes there is a laid out and opened highway, and then passes on to provide an expeditious mode for deciding whether an alleged encroachment exists upon it. The jurisdiction only attaches in regard to something done against the highway, and not to any real controversy respecting the existence of the highway itself.—*Roberts v. Highway Comr., supra; Talmadge v. Hunting, 29 N. Y., 447; The Queen v. Farrer, L. R., 1 Q. B., 558.*

The proceeding must be quashed.

The other Justices concurred.