GEORGE W. GREGORY v. RUSSELL K. STANTON ET AL.

*Encroachment on highway—Comp. L., § 1290.*

Proceedings to remove encroachments upon a highway cannot be taken so long as the true location of the highway is in question Comp. L., § 1290; amended, Pub. L. 1875, p. 94.

CERTIORARI to the commissioner of highways and to a justice of the peace of the township of Baltimore in Barry county, to bring up proceedings taken by the com-

missioner before the justice to establish the existence of an encroachment made by Gregory upon a highway. Submitted January 14.　　Decided January 28.

*Sweezey & Knappen* for plaintiff cited the cases referred to in the opinion.

MARSTON, J.　While there was evidence in this case tending to show that a highway had been surveyed and laid out, also that work had been done thereon and the road traveled, yet the exact location of the highway as laid out, worked and traveled was disputed by the plaintiff herein. In other words, the plaintiff in certiorari claimed, as appears from the return of the justice, that the road was originally laid and traveled west of the section line previous to a survey made in 1856. Even if it were fully conceded that a road had been legally laid out, opened and traveled, yet where in proceedings like the present to ascertain whether there has been an encroachment thereon, if the exact location of the road is disputed, and the question of encroachment or not depends upon first ascertaining the location thereof, which is disputed, then the proceedings should be dismissed, as beyond the jurisdiction of the tribunal.

That the location was in good faith disputed, there would seem to be no question, as the road if opened the full width, as now claimed and so found by the jury, would run through the orchard and destroy nine appletrees therein which have been set out since the highway was laid out and opened. The case comes clearly within previous decisions. *Parker v. People,* 22 Mich., 95; *Roberts v. Highway Com'rs,* 25 Mich., 23, and *Campau v. Button,* 33 Mich., 527.

The proceedings must be set aside, and the finding of the jury reversed with costs to the plaintiff.

The other Justices concurred.