MARY TWOGOOD v. MARGARET HOYT AND ELIJAH HOYT.[*]

*Ejectment—Testimony impeaching recorded plat—Riparian lands may be platted to the channel bank—No recovery of lands not described.*

The title to property claimed under a recorded plat cannot be unsettled by the testimony of a surveyor who had scaled the plat, that the scale was incorrect.

Where streets have been opened, used and acquiesced in by the parties interested, or by the public authorities, they become permanent boundaries and form new starting points for later surveys.

In Michigan the proprietor of lands bordering on a meander stream owns to the center of the stream, and in platting his lands may extend his plat to the channel bank.

In ejectment the plaintiff cannot recover lands not described in his declaration.

42 MICH.—77.

Testimony that defendant in ejectment had put plaintiff's grantor in possession of the premises sought, as the premises described in his deed, would be admissible as tending to show the location of the lands described in the declaration, but not to support a recovery of other lands than those therein described.

Evidence that the owner of land had intended in platting it, that streets laid out by some other plan to which his own was an addition, should at some time be extended, and had laid out certain lots with reference to such streets, and that the streets had been extended, is admissible in an action of ejectment as bearing upon the true location of the lands described in the declaration.

The location of lands claimed in ejectment is a question of fact for the jury, and may be proved by any kind of evidence that would be admissible to prove any fact.

Error to Calhoun. Submitted Jan. 15. Decided Feb. 11.

EJECTMENT. Plaintiff brings error.

*John C. Patterson* and *Wm. H. Brown* for plaintiff in error. A plat is made part of a deed by reference, *Morgan v. Moore*, 3 Gray, 319; *Davis v. Rainsford*, 17 Mass., 211; *Johnstone v. Scott*, 11 Mich., 239: 2 Washb. R. P., 638; no survey can be correctly based on anything but the plat, *Bower v. Earl*, 18 Mich., 376; the testimony of an expert who has scaled a plat is admissible to show that the scale is incorrect, 1 Greenl. Ev. (Redf. ed.), § 301, p. 347, n; courses and distances on a plat are to be regarded in ascertaining the true description of premises, *Cook v. Hillsdale*, 7 Mich., 115; *Watson v. Peters*, 26 Mich., 508.

*W. S. Geer* and *Miner & Stace* for defendants in error. A description in a deed is controlled by the most certain calls, *Cudney v. Early*, 4 Paige, 209; *Jackson v. Camp*, 1 Cow., 605; *Doe v. Thompson*, 5 Cow., 371; if sufficient particulars are fixed to designate the grant, it will not be defeated by the addition of a false indication, *Jackson v. Clark*, 7 Johns., 217; the natural or artificial monuments or boundaries primarily control the plat, and distances will be lengthened or shortened to conform to

them, *Bruckner's Lessee v. Lawrence*, 1 Doug. (Mich.), 19;
*O'Farrel v. Harney*, 51 Cal., 125; *Fleischfresser v. Schmidt*,
41 Wis., 223; the parties to a deed that refers to a plat
are bound by the plat, *Thomas v. Patten*, 13 Me., 329;
riparians own to the thread of the stream, *Dovaston v.
Payne*, 2 Sm. Lead. Cas., 216; *Varick v. Smith*, 9 Paige,
547; *Luce v. Carley*, 24 Wend., 451; *Norris v. Hill*, 1
Mich., 202; *Lorman v. Benson*, 8 Mich., 18; *Rice v. Rud-
diman*, 10 Mich., 125; the location of a monument out-
side of a city block cannot be shown to control the
subdivision of the block, *Ginn v. Brandon*, 29 Ohio St.,
656; *Behler v. Weyburn*, 59 Ind., 143; a surveyor's opin-
ion will not confer title or control the construction of a
plat, *Stewart v. Carleton*, 31 Mich., 270; the proper
boundary of a lot is a question for the court, to be set-
tled by inspection of the deed, *Clark v. Wagoner*, 70 N.
C., 706; *Abbott v. Abbott*, 51 Me., 576; recovery in eject-
ment cannot be had for premises not described in the
declaration, *Cain v. Hunt*, 41 Ind., 466; *Fenwick v. Floyd*,
1 Harr. & Gill., 172; nor can it be maintained against
parties not in possession of the land in dispute, *Van
Horne v. Everson*, 13 Barb., 526.

MARSTON, C. J.   The plaintiff brought ejectment to
recover "a piece of land four rods front and rear and
of equal width across block one hundred and one, next
to and adjoining lot twenty-one, on the north of said
lot twenty-one, in said block one hundred and one, on
the Warner addition to the ' village of Albion, according
to the recorded plat thereof.   It being understood to
convey a piece of land four rods by eight rods formerly
sold by Margaret Morgan to Eunice Pryor and designated
on said plat as lot number twenty-two in said block one
hundred and one."   That the plaintiff proved a record
title to lot twenty-two was not controverted on the trial,
the dispute in fact being as to the proper location of
said lot, and the defendants claiming that they were
not in possession of the premises described in the plain-
tiff's declaration.

A memorandum on the margin of the plat under which plaintiff claimed, stated that "the lots are four rods by eight, except fractions and subdivisions. The streets are four rods wide except Erie street,—that is six rods wide. Scale, eight rods to an inch." The plaintiff claimed that a number of the lots in the block in question were less than four rods in width, and this he sought to show by a surveyor who had scaled the original plat.

This clearly was correctly excluded. Parties would hold their lands in cities and villages by a very uncertain tenure if the proper location thereof was dependent upon such evidence. No matter what scale a map or plat may be drawn to, it can rarely be sufficiently accurate to be used for any such purpose. The errors, inaccuracies or unskillfulness of the draughtsman cannot be permitted to change or affect the rights of parties. The width of a line upon the plat, where drawn upon a scale of eight rods to an inch, would be quite material, and we would be quite likely to find one lot fall short while the next would exceed the average or proper width. It is also well known that lands have been laid off into lots and blocks and platted, before being cleared, and that by reason of inequalities in the surface of the soil, logs and other obstructions, strictly accurate surveys were not and could not be made at the time. Where the blocks and streets were staked out at the time, no very serious inconvenience could arise, as such monuments would be fixed and permanent, leaving the excess or shortage in any particular block to be dealt with by itself. So where the streets, although not so designated, have by the parties interested or by the public authorities been opened, used and acquiesced in, they thereby become permanent boundaries, and form new starting points in subsequent surveys of the premises.

A survey was made in this case for the purpose of locating the premises. It was made upon the assumption that the owners when platting could not have platted up to the channel bank of the river, but only to the

meander line thereof.   The plat did not purport to stop at the meander line, nor was there any showing made that such was in fact the case, farther than as claimed by the plaintiff, that the proprietors did not own the legal title up to the channel bank, and could not therefore have platted it.   This however was an erroneous theory.   The law is well settled in this State that the proprietor of lands bordering upon a meandered stream owns to the center of the channel, and that in platting his lands he may plat up to the channel bank.

Evidence was sought to be introduced to show that the defendant · Margaret Hoyt, through whom plaintiff claimed title, had put plaintiff's grantor in possession of the premises in dispute, at the time of the·conveyance thereof, as being the premises described in the deed. In certain cases such evidence would be admissible, while in others it clearly could not be.   No person could claim under a deed describing lands according to the governmental subdivision, and bring ejectment therefor, and be permitted to recover an entirely different description by proof showing that his grantor, the defendant, had put him in possession of the premises sought to be recovered, as and for those described in his deed.   In ejectment, the plaintiff cannot recover lands that are not described in his declaration.   The evidence offered upon this point would however be admissible as tending to show the location of the lands described in the declaration.   So it would have been proper to show, for the same purpose, that the proprietors when platting intended that certain streets laid out according to some other plan to which this was intended .as an addition, should or might at some time, be extended, and that certain lots were laid out in front of, and of the width of such streets, or over which the same were to be extended, and that such streets had been so extended.

The proper location of a designated lot is a question of fact for the jury.   There is no ambiguity apparent on the face of the deed; the description is full, clear

and specific, and the question is one of location of the premises described, which may be proved by any kind of evidence which is competent to prove any fact. 3 Washburn on Real Property, 348; *Purkiss v. Benson*, 28 Mich., 540.

All the evidence fairly bearing upon this question should be submitted to the jury. As this was not done the judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.