RUSSELL GREGORY v. JAMES D. KNIGHT, ALBERT STOOKEY
AND HIRAM D. MASON.

*Encroachments on highways—Title to land—Surveyors.*

Proceedings to remove encroachments from a public highway must be quashed where neither the notices given nor the finding of the jury furnish any means of finding the extent of the encroachment or its distance from what is said to be the true line of the highway.

In proceedings to remove encroachments from highways, the jury cannot pass upon anything that is not complained of.

Disputes concerning private estates or boundaries cannot be determined in special and summary proceedings for the removal of encroachments on highways; such proceedings will lie only where there is no real question as to the existence and bounds of the highway. Title to land can only be determined in the judicial courts.

Surveyors and commissioners of highways have no greater right than other persons to determine starting-points and boundaries; they cannot disturb vested rights in land or settle controversies as to titles and their *ex parte* action is entitled to no special authority in regard to true lines and the fact of encroachment.

Long practical acquiescence as between the public and a private owner as to the true line of the latter's fences along the highway will bind the public.

Highways may be partially discontinued by non-user.

The boundaries of highways should be plainly defined by the public authorities when the roads are laid out.

Comp. L. § 1296 permits a jury to award both damages and costs against the person complaining of an encroachment on the public highway, if the encroachment is not proved; but on *certiorari* the Supreme Court has no authority to award anything but costs.

Certiorari to justice of the peace, highway commissioner and clerk of the township of Pulaski in Jackson County. Proceedings quashed.    Jan. 10.—Jan. 18.

*G. T. Gridley* and *T. A. Wilson* for plaintiff in certiorari.

*Charles E. Snow* and *Gibson, Parkinson & Ashley* for defendant in certiorari.

CAMPBELL, J.    This proceeding was begun by Albert Stookey, highway commissioner, before a justice of the peace of Jackson county, to remove encroachments from a highway.    Mr. Gregory, the person summoned, denied both the encroachments and the existence of the highway as one regularly laid out, and did not appear or recognize the validity of the inquest.

Leaving all other considerations out of view, it is enough for the disposition of these proceedings to call attention to the fact that neither the notices nor the finding of the jury furnish any means of ascertaining the extent of the alleged encroachments, or the distance from what is claimed to be the true highway line.    The order is required to "specify the width of the road, the extent of the encroachment, and the place or places in which the same shall be, with reasonable certainty."    Comp. L., § 1290.    The finding is very brief and is as follows :    " That the road known as the Daniels road, situated in the township of Pulaski, county of Jackson, and State of Michigan, is encroached upon as follows, to-wit : By rail fence, stone row, rail piles, hay barn and sheds, made by one Russell P. Gregory, as specified in the records of Percy Cook, county surveyor."

This finding does not contain a single one of the statu-

tory recitals, and it deviates also from the complaint, which included nothing but the fence and stone row. It is impossible to regard such a finding as of any value whatever. The encroachment must be so described as to show in what direction and how far it extends beyond the line of the highway, so as to enable every one to know what is the line to which it must be removed, and what are the road bounds. And it cannot be lawful for the inquest to pass on anything not complained of.

But in the light of our previous decisions we feel bound to remark on some other objections—not more fatal, because these are fatal—but going to the propriety of attempting such an inquiry at all. See *Parker v. People* 22 Mich. 93; *Roberts v. Highway Com'rs of Cottrellville* 25 Mich. 23; *People v. Smith* 42 Mich. 138; *Campau v. Button* 33 Mich. 525; *Gregory v. Stanton* 40 Mich. 271.

These cases, while some of them are in point as to the sufficiency of the finding in cases of jurisdiction, also hold distinctly that no jurisdiction exists by these special and summary proceedings to determine disputes concerning private estates or boundaries. No one can be disturbed in his estate without the right to have his rights determined by legal process. It is only when the existence and bounds of the highway are not really questionable, that the question of encroachment can be thus summarily settled. The law does not contemplate any such wrong or absurdity as the submission of questions of title to land to anything but the judicial courts.

It is quite manifest that in this case there seems to have been an idea that the *ex parte* action of surveyors and commissioners was entitled to credence and authority upon the true lines and the fact of encroachment. Neither of them can affect vested rights or settle controversies. They may be useful witnesses, when they speak of matters with which they are familiar, but they have no greater right than any one else to determine starting points or boundaries. *Stewart v. Carleton* 31 Mich. 270; *Cronin v. Gore* 38 Mich. 381.

It also appears that plaintiff claims to have occupied on

his lines for more than twenty years, and it seems quite likely that the fences were put where the authorities and parties supposed the lines to be. Such a practical construction, if long acquiesced in, would necessarily bind the public. *Ellsworth v. Grand Rapids* 27 Mich. 250. It would be wrong and illegal to put a highway, as against long possession, on any better footing than other property. Highways may be wholly, and there is no reason to hold they may not be partially, discontinued by non-user. It is the business of the authorities, when roads are laid out, to take some pains to designate the boundaries on the ground, and to have the lines visibly defined. If this is not done, the mischief of unsettling what is generally accepted will be very great, and the rights of parties, whether depending on surveys or possession, will be protected by the ordinary courts of justice. The rash and vexatious acts of local officers not under the process of law are fruitful sources of bad blood and litigation. *Sheldon v. Kalamazoo* 24 Mich. 383.

The Legislature of 1881 provided expressly that in all cases when the encroachment on the public right shall be denied, an action of trespass may be brought, and summary proceedings shall not lie. Laws 1881, pp. 307–8. An adequate equitable remedy against encroachments is also provided. Laws 1877, p. 61; Laws 1881, p. 255.

The proceedings must be quashed with costs against the commissioner.

The statute provides for damages as well as costs to be awarded by the jury against the complainant, (Comp. L. § 1296) but we have no authority that we can discover to award anything beyond costs.

The other Justices concurred.