PEOPLE *v.* WOLVERINE MANUFACTURING CO.

1. COURTS — JURISDICTION — TITLE TO LAND — OBSTRUCTION OF STREETS.
   Title to lands cannot be tried in a prosecution in the recorder's court of the city of Detroit for obstructing a street.

2. SAME—OUSTING JURISDICTION—BONA FIDE CONTENTION.
   In order to oust a court of jurisdiction of a prosecution for obstructing a street on the ground that it involves title to land, it is essential that there should be a bona fide contention either as to the existence of the street or the title of the land where the alleged obstructions are located.

3. DEDICATION—STREET—ACCEPTANCE.
   Where a plat dedicating a street is duly made and recorded and approved by the board of public works of the city, an acceptance is sufficiently shown by evidence that men employed by the city plowed furrows on each side of the street, and then took the road scraper and scraped the dirt up to the center of the road, making it suitable for public travel.

4. COURTS—JURISDICTION—TITLE TO LAND—GOOD FAITH IN CONTENTION.
   Where a street has been duly dedicated and accepted by the city by opening and working the same, and defendants have recognized the public character of the street by presenting a petition to the council asking for its vacation, defendants, when prosecuted for obstructing the street, cannot in good faith contend that the prosecution involves the title to lands, and thus oust the recorder's court of jurisdiction.

5. MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREETS.
   The owners of lots on both sides of a street, which is a cul de sac and not used by the public, but only for such owners' private purposes, may obstruct such street without liability to prosecution under a city ordinance prohibiting the obstruction of streets.

Certiorari to the recorder's court of Detroit; Phelan, J. Submitted June 15, 1905. (Docket No. 22.) Decided September 28, 1905.

The Wolverine Manufacturing Company and the Cad-

illac Cabinet Company were convicted of obstructing a street and sentenced to pay a fine of $25. Reversed.

*Keena, Lightner & Oxtoby* (*Samuel S. Harris*, of counsel), for appellants.

*Timothy E. Tarsney* and *J. Walter Dohany*, for the people.

BLAIR, J. The defendants were convicted on June 24, 1904, in the recorder's court of the city of Detroit, of obstructing Thirteenth street, south of Stanley avenue, an alleged public street in said city, under the provisions of a city ordinance. Sentence having been entered upon such conviction, defendants have brought the judgment and record to this court for review upon writ of certiorari.

Defendants in their brief limit the "discussion" to three items, as follows: (1) Respondents in good faith claim title to the property in question. (2) No actual highway existed at the place in question. (3) The city never accepted as a street the parcel or property in question.

It is well settled that the title to lands cannot be tried in proceedings like the present. *People* v. *Stott*, 90 Mich. 343, and cases cited. In order to oust the court of jurisdiction, it is, however, essential that there should be a bona fide contention either as to the existence of the highway or the title of the lands where the alleged obstructions are located. The rule is well stated by Chief Justice CHRISTIANCY, in *Roberts* v. *Highway Com'rs of Cottrellville*, 25 Mich. 23, as follows:

"And whenever the contest shall appear before the jury to be, really and in good faith, a question of the existence of the highway claimed, or a question involving the title to real estate, rather than a question of encroachment upon a highway admitted to exist, or the existence of which is not in good faith seriously contested, or so clearly shown as to admit of no real and bona fide contest, the whole proceeding should be dismissed by the jury as beyond their jurisdiction in such a proceeding."

We think that the existence of the highway is so clearly shown in the case at bar as to admit of no real and bona fide contest.  It appears conclusively from the evidence that on the 14th day of July, 1895, Senator McMillan, having theretofore purchased the property, executed a plat in due form, whereby he dedicated, amongst other things, the streets and alleys shown on said plat to the public.  On the 18th day of July, 1895, the plat designated " McMillan-Edensor Subdivision of Part of Lots 1 and 2, Lafferty Farm, Private Claim 228," was approved by the board of public works of the city of Detroit.  On the 19th day of July, 1895, this plat was recorded in Liber 19 of Plats, on page 96, in the office of the register of deeds for Wayne county.  Thirteenth street, the highway in question here, was one of the streets dedicated by said plat. It further appears, by the undisputed testimony, that soon after the recording of the plat a gang of men in the employ of the board of public works, under the direction of a ward boss, plowed three furrows on each side of Thirteenth street its entire length, and then took a road scraper and scraped it up to the center of the road, rounded up the street, and scraped it up for public travel, and the work was paid for by a pay boss for the city.  This opening and working the street by the city constituted a clear and unequivocal acceptance of the street, which thereupon became a public street of the city, subject to its jurisdiction and control, till vacated or lost by nonuser or adverse possession, which is not claimed in this case.  *City of Mt. Clemens* v. *Sanitarium Co.*, 127 Mich. 115.

Furthermore, the defendants recognized the public character of the street by their own solemn act.  In January, 1903, the defendants presented a petition to the common council asking for the vacation of Thirteenth street south of Stanley avenue, which was referred to the committee on street openings, who reported on March 10th in favor of granting the prayer of the petition upon certain conditions, and a resolution was introduced to that effect.  On March 24th the resolution was put on its passage, and

failed of securing the necessary three-fourths of the votes of the aldermen-elect, there being eighteen yeas and 15 nays. In March, 1903, and, we suppose, after the failure of the vacation proceedings, defendants constructed a fence across the street, which is the obstruction complained of. Under such circumstances, we think the recorder's court had jurisdiction of the case.

It remains to consider whether Thirteenth street, south of Stanley avenue, was an actual highway in the sense that its obstruction interrupted travel which otherwise would have taken place. Chief Justice CAMPBELL, delivering the opinion of the court in *Beecher* v. *People*, 38 Mich. 289, said:

"The object of the power granted to the city to prevent obstructions to various easements of a public character is not to settle the title, which cannot be tried by a municipal court under city ordinances. *Horn* v. *People*, 26 Mich. 221; *Roberts* v. *Highway Com'rs of Cottrellville*, 25 Mich. 23.

"Neither can any such interference in a summary proceeding be had, except where some way actually used has been interrupted in its user or enjoyment. A theoretical easement not actually used is not within the law. *Tillman* v. *People*, 12 Mich. 401; *Jackson* v. *People*, 9 Mich. 111."

The testimony on the part of the people as to the actual use of this portion of the street was not very strong. At the time defendants constructed the fence across the street, they were the owners of the lots on both sides south of Stanley avenue to the railroad tracks, where a fence barred further progress; there being no crossing over the railroad right of way. The fence constructed by defendants had been in place for a year before complaint was made, and defendants gave evidence tending to show that the street was used south of Stanley avenue for their private purposes only. The court instructed the jury upon this subject as follows:

"The Wolverine Company would have a right to build a fence across there, if there was no public highway there.

But it is immaterial whether or not it is used. If I give the city of Detroit a piece of land out here, and they run a street down here, and plow it up and grade it, and it is accepted, it is immaterial whether John Smith or Jones walked over it or not, unless there are some conditions nominated, and if they accept it they are bound to carry out those conditions, if, in law, they are good. If I give it to them, it becomes a part of that plat. If it is dedicated, it becomes a part of that plat that was introduced here, and that was accepted. It is for you to say whether or not it is a street."

As applied to prosecutions for obstruction of highways under city ordinances, like the present, we think the charge was erroneous.

The judgment is reversed, and a new trial granted.

Carpenter, Grant, Montgomery, and Ostrander, JJ., concurred.