PEOPLE *v.* McNAMARA.

HIGHWAYS AND STREETS — OBSTRUCTION — MUNICIPAL CORPORA-
TIONS—ORDINANCES.

> There can be no conviction under a city ordinance for obstruc-
> ing an alley which there is no evidence to show was ever
> opened, used, or worked by the city authorities.

Certiorari to recorder's court of Detroit; Phelan, J. Submitted February 1, 1906. (Docket No. 89.) Decided February 26, 1906.

Thomas F. McNamara and Robert McC. Hull were convicted of obstructing an alley, and each sentenced to pay a fine of $25. Reversed.

*John J. Speed,* for appellants.

HOOKER, J. The defendants were convicted of ob-structing an alley in the city of Detroit, under a city ordi-nance, and have brought certiorari upon the judgment pronounced upon such conviction.

Certain lots were purchased upon land contract by defendant Thomas McNamara, on an addition to the city, which had been platted; the plat having been subsequently approved by the board of public works, upon the recommendation of the city council. At the time of the purchase a brick building stood partly upon the lots, and extended more than half way across the alley. McNamara and wife subsequently went into possession (and still occupy the premises) under the contract, and erected a shed in the rear of the brick building, which shed extended across the alleged alley. The contract was afterwards surrendered to the vendor, who, at McNamara's request, conveyed the lots to Hull, and they are held by him as security for a debt; the premises to be conveyed by him to the McNamaras on payment of an amount due him. Prior to the arrest a cross-walk and culvert were made on the north side of Medbury avenue, opposite the end of the alley as platted. All of the testimony was returned, and the foregoing statement embraces all of the facts shown. There was no evidence that the alley was ever opened, used, or worked by the city authorities. Counsel for the prosecution have not filed a brief, and we have no means of knowing their view of the case, which appears to be within the rule laid down in *Jackson* v. *People*, 9 Mich. 111, and *People* v. *Manufacturing Co.*, 141 Mich. 455.

The judgment is reversed, and a new trial ordered.

MCALVAY, GRANT, OSTRANDER, and MOORE, JJ., concurred.