PEOPLE v. WOLVERINE MANUFACTURING CO.

JUDGES—DISQUALIFICATION—MOTION FOR CHANGE—DISCRETION.
:   On certiorari to review a judgment of the recorder's court of
    Detroit, the error relied upon was the denial of a motion that
    the presiding judge assign the cause for trial before an-
    other judge of that court or before one of the circuit judges,
    on account of his bias, prejudice, and interest. The movant
    relied entirely upon a newspaper article purporting to be
    based upon an interview with the judge, but there was no
    proof that the statements in the article were actually made,
    and the judge in denying the motion said he was not preju-
    diced, and nothing occurred at the trial indicative of preju-
    dice. Held, that no abuse of discretion was shown.

Certiorari to the recorder's court of Detroit; Phelan, J.
Submitted April 8, 1907. (Docket No. 26.) Decided
October 4, 1907.

The Wolverine Manufacturing Company and the Cad-
illac Cabinet Company were convicted of obstructing a
street, and sentenced to pay a fine of $25. Affirmed.

*Keena, Lightner & Oxtoby*, for appellants.

*Denton Guinness*, for the people.

McALVAY, C. J. Defendants, Michigan corporations,
were complained against early in 1904 and charged with
the obstruction and incumbrance of Thirteenth street (later
called Vermont avenue), in the City of Detroit, on May
17, 1904, by placing a fence across said street, putting
buildings, brick and other material therein, thereby en-
tirely closing said street to the public from Stanley street
to the railroad, contrary to the provisions of section 1, chap.
55, p. 154, revised ordinances of said city of 1895.

The case was first tried in the recorder's court before
Judge Phelan, associate recorder, on June 23, 1904, and

respondents were found guilty and fined $25. The case was removed to this court on certiorari, reversed, and a new trial granted. 141 Mich. 455. The second trial was had before the same court and judge on December 26 and 27, 1905. Upon this trial, before a jury was called, respondents made and filed the following motions and plea:

1. A motion to cite a certain reporter to show cause why he should not be punished for contempt for publishing a certain alleged interview with the judge relative to this case.

2. A motion that the presiding judge assign the cause for trial before another judge of that court or before one of the circuit judges, on account of his bias, prejudice and interest.

3. A plea puis darrien continuance, setting up that the proceedings were barred by the vacation of this portion of Thirteenth street, December 5, 1905, by a decree of the Wayne circuit court.

The court took the first motion under advisement, denied the second, and also took the plea under consideration. Thereupon counsel for respondents excepted to the rulings of the court and withdrew from the case and took no further part in it. The case then proceeded to trial. A jury was regularly and duly selected, which, after hearing the evidence and the charge of the court, returned a verdict of guilty against respondents. The judgment of the court was a fine of $25 and costs amounting to $20. The case is again here upon writ of certiorari.

Before discussing the error respondents rely upon, it will be well to state a few facts appearing in the record, which probably account for the disagreement between the judge and counsel for respondents. On November 2, 1905, after the case had been decided in this court, respondents filed a bill of complaint in the Wayne circuit court, in chancery, against the city of Detroit, the corporation counsel, and the complainant in this case, asking for an injunction restraining them from proceeding in the recorder's court with the new trial of this case which had been granted by this court. The injunction

was granted by Judge Donovan. On the same day the owners of the plat which includes that portion of this street in controversy, filed in the same court a petition to vacate a part thereof. On December 5, 1905, a decree was signed by Judge Donovan granting said petition, and vacating a part of said plat, which included the portion of the street in this suit where the same was charged to be obstructed by respondents. The newspaper article relied upon to show the bias, prejudice, and interest of the trial judge was printed in the Detroit News, December 20, 1905.

The only one of the errors assigned which is discussed before us in the brief for counsel for respondents, relates to the disqualification of the judge to preside at the trial of the case. The ground for this motion is the affidavit of counsel for respondents who relies entirely upon the contents of the newspaper article of December 20th above referred to. There is no proof that the statements therein contained were actually made. From the article it appears that a controversy had arisen on account of the injunction issued restraining the municipality and its officers from going on with the new trial ordered in the case. Apparently it was intended to delay the prosecution of this case until the decree in the Wayne circuit court could be obtained vacating this street.

The questions which were sought to be raised in this case by the plea puis darrien continuance based upon the decree vacating the plat are not urged in this court. Whatever Judge Phelan may have said under provocation, in regard to those proceedings, is immaterial.

Under the statute, if he had desired, the judge might have requested a circuit judge or an associate justice of this court to preside. This was a matter of judicial discretion with him. Our attention is not called to any statute which provides for a change of venue from the recorder's court, nor is there any provision requiring the judges he might request to preside to comply with such request.

It remains to be determined, then, whether, in proceeding to try the case, the court was guilty of an abuse of judicial discretion. In his opinion in ruling upon this matter the court said:

" I desire to state further to the counsel that this court is not prejudiced; that the law has been passed upon, and the question of fact, the question of user or nonuser is a question for the jury; and the court is not biased, the court is not prejudiced either against counsel or his clients."

Nothing which occurred later during the trial is pointed out as indicative of the disqualification of the trial judge. The court in overruling the motion asking for a trial before another judge held that no sufficient showing had been made, and that no necessity demanded such action. In so holding and proceeding to try the case he was not guilty of an abuse of his judicial discretion.

The conviction is affirmed.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ. concurred.