WERNER v. HINZ.

HIGHWAYS AND STREETS — MUNICIPAL CORPORATIONS — PRESCRIPTION.

Owners of land abutting on a street may build upon a strip three feet in width not included in the portion used and occupied by the public during a period of 40 years or more, although the three-foot parcel was originally included in the description of land, 40 feet in width, dedicated for the street, which, however, as established by occupation, was 40 feet wide exclusive of the land in dispute.

Appeal from Wayne; Codd, J. Submitted June 11, 1912. (Docket No. 87.) Decided October 7, 1912.

Bill by Charles H. Werner against Herman A. Hinz and another for an injunction and other relief. From a decree for defendants, complainant appeals. Affirmed.

*Louis C. Wurzer* and *Harry B. Keidan,* for appellant.

*William D. Ellsworth* and *Jasper C. Gates,* for appellees.

MOORE, C. J. This is an injunction bill, which, after a hearing, was dismissed. The case is brought here by appeal.

The complainant is the owner of the north half of lot 59, section 9, governor and judges' plan, Detroit, which faces on the west side of Randolph street. Defendants own lots 57 and 58 of the same section, also fronting on the west side of Randolph street. Between complainant's and defendants' property is the south half of lot 59, which has a frontage of about 30 feet on Randolph street. These lots form the block between Gratiot avenue and Center street, on the west side of Randolph street.

The bill of complaint avers that there is a three-story brick building on complainant's land, that three years ago defendants erected on lot 57 and the southerly portion of lot 58 a building which projects three feet or thereabouts into Randolph street, and that they are now erecting another building on the northerly portion of lot 58 that projects three feet or thereabouts over the true westerly line of Randolph street. The prayer of the bill is that defendants may be restrained from erecting the building they are now erecting, and be required to remove the building from lot 57 and the southerly part of lot 58, which was built three years ago. Defendants deny that the building already built, or the one they are about to build, encroach upon the street. They insist that the street line has been established where they claim it is for 40 years or more.

The case was heard in open court. The trial judge found in favor of defendants and expressed himself in part as follows:

" The plat of the Brush farm, lying next easterly to the governor and judges' plan, dedicated to the use of the city of Detroit a strip of land 40 feet wide, which is known as Randolph street.   Under this dedication the city of Detroit has assumed its right of easement over said 40 feet, and in 1841, as shown by the pavement maps of that date, received in evidence, paved to the width of 24 feet, and the testimony shows that there have been, since that time, sidewalks maintained on either side of the pavement to the extent of 8 feet each, making a total of 40 feet in use and occupied by the city authorities.   This 40 feet is concededly some 3 feet easterly of the easterly line of the lots, as shown on the Farmer map.   This 3 feet is not, and has not been, in use or occupied by the public.   It has been held by the courts that the fee to the streets is in the abutting owners, and the municipality has merely an easement in and over them.   It is manifest, then, that the property that is not used and occupied by the public becomes the property of the abutting property owners.   The street, in its use and occupation for so long a period, in my judgment, is the proper starting point for survey as to the lots which are facing upon it.   The erection of the Lohrman seed store, so called, some six years ago, as the testimony shows, was not objected to, and a survey of same was made by city authorities, and the property was found not to encroach upon the street.   The proposed building is exactly in line with said building."

There is not much uncertainty as to the law applicable to the case.   It may be found in *Diehl* v. *Zanger,* 39 Mich. 601; *Twogood* v. *Hoyt,* 42 Mich. 609 (4 N. W. 445); *Van Den Brooks* v. *Correon,* 48 Mich. 283 (12 N. W. 206); *Gregory* v. *Knight,* 50 Mich. 61 (14 N. W. 700); *Rix* v. *Smith,* 145 Mich. 203 (108 N. W. 691); *Pere Marquette R. Co.* v. *Graham,* 150 Mich. 219 (114 N. W. 58).   The controlling question is one of fact. There were eight or more maps or plats introduced in evidence; one of them bearing date as early as in 1835. One of them was a map prepared for the city when Randolph street was paved in 1871; another when it was repaved in 1900, and again in 1909.   Fourteen witnesses were sworn, and, as might be expected, their testimony did not agree.   A significant fact is that, when the build-

ing was erected on lot 57, the city authorities, after causing a survey to be made, made no objections to the erection of the building, and they do not now complain about the erection of the one in process of building. It would profit no one to recite the testimony. The record fails to establish a case for the complainant.

The decree is affirmed, with costs.

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.