## THE PEOPLE v. PETER SMITH.

*Removal of fences encroaching on the highway.*

An order from the commissioner of highways to move one's fence as being an encroachment on the highway, must state how far the fence lies from where it ought to lie.

The statutory penalty imposed by Comp. L., § 1291, for neglecting to remove a fence that encroached on the highway, after being ordered to do so by the commissioner of highways, applies only to statutory ways and not to highways by user.

Comp. L. §§ 1290-1, provides that if one whose fence encroaches on the highway does not move it within thirty days after being ordered to do so by the highway commissioner, the latter may sue him. *Held* that the landholder cannot be put in default unless he has been distinctly notified how far the fence lies from the true line, and if the notice is defective in that regard, the thirty days do not begin to run until it is perfected.

Objections raised for the first time in the Supreme Court will not be considered.

Error to Clinton. Submitted Oct. 24. Decided Oct. 30.

TRESPASS. The People bring error.

*Randolph Strickland* for plaintiff in error.

*H. & H. E. Walbridge* for defendant in error.

CAMPBELL, C. J. Smith was sued for not removing a fence charged to have been an encroachment on a highway, after receiving notice from the highway commissioner to remove it. The order was made and suit brought under sections 1290 and 1291 of the Compiled Laws.

Section 1290 authorizes the commissioner, where a highway has been laid out and opened, to order the removal of any fences or other encroachments within thirty days. The order is required to specify "the width of the road, the extent of the encroachment, and the place or places in which the same shall be, with reasonable certainty." Comp. L., § 1290; Laws of 1875, p. 94.

On the 28th of January, 1878, the commissioner made an order and gave notice that defendant should move his fence. The order gave the center of the highway as on the quarter-section line, with no other description except that the width originally intended was four rods. About the 12th of February defendant told the commissioner he did not know where the line of the highway was, and the commissioner said he would get a surveyor and come up. On the 29th of March he came up and surveyed it, and found the fence encroached. The statute, § 1297, provides that, except in case of a fence built within three months, no one shall be compelled to move it except between the first of November and the first of April.

The court below held that the thirty days' notice required by the statute did not run during the time of

the commissioner's delay in surveying, and that the requirement to remove the one hundred and fifty-two rods of fence in the single working day left in March "under such circumstances, is an outrage. The law does not require any such thing."

We think the circuit judge was right. Assuming— what is not averred—that this was a highway not by user merely, but by laying out under the statutes, (and the penalty sued for only applies to statutory ways; *Parker v. People*, 22 Mich., 93), it is matter of every day experience that the lines as described on paper are not always readily located on the ground, and fences are often honestly put on wrong lines. The object of the order and notice is to point out clearly the extent of the supposed encroachment, by declaring how far the fence lies from where it ought to lie. Merely telling where the theoretical line is drawn on paper, gives no information concerning its position relative to the encroachment. The order itself was a nullity for this reason. Until the surveyor had fixed the line defendant was not informed of the extent of the commissioner's claim. And if this survey could be treated as sufficient to correct the defect in the order, which is not very clear to us, there was no default until thirty days thereafter, which was not a time when any removal could be required. The land-holder cannot be in fault under the statute unless he has been distinctly notified how far his fence lies from what is claimed as the true line.

We think there was no error in the rulings, and the judgment must be affirmed. As the objection that the suit was brought by the wrong officer is now made—so far as we can see—for the first time, we shall not consider that question.

The other Justices concurred.