## WILHELMINA KRUEGER v. FRANCIS LE BLANC, FELIX CICOTTE, ADOLPHUS CHAMPAGNE, AND JOSEPH WASHER.

*Case—Remote damages—Not the necessary consequence of injury complained of—Cannot be shown under declaration charging such injury as the result of the direct act of the defendant—Highway commissioner—Order for removal of encroachment—Properly served on occupant of land—So held where legal title was in wife under unrecorded deed from husband, the occupancy remaining unchanged and husband controlling the land—In suit by wife against highway commissioner for removal of such encroachment—Proceedings under statute against husband for maintaining same, based on such order for removal, are admissible as a defense—Legislature might authorize such removal without notice—Commissioner is justified only when encroachment exists—And is liable for trespass if existence of highway is successfully negatived—Law of 1881 (How. Stat. sec. 1371) extends to all public highways, whether actually laid out or such by user—Order for removal—Object of is to define extent of alleged encroachment—When it does this it is sufficient.*

1. Plaintiff sued defendants in *case* to recover damages for the alleged wrongful destruction of a fence on her land, and for injuries to growing trees, all caused by the *direct* acts of defendants. On the trial she was permitted to testify that, by reason of the removal ·of the fence, her husband or herself had to stay at home all the time; and at night, if the dog barked, she had to go out herself on account of her husband's sickness, and had to keep the children out of school, all to prevent injury to the land orchard, and crops by cattle.

   *Held,* that these elements of damage were not the *necessary* consequence of the injury complained of, and that the testimony was inadmissible under the declaration, which counted merely for the destruction of the fence and injury to the trees by the *direct* acts of defendants.

2. Where a husband conveyed the home farm to his wife, the deed not being recorded, and the occupancy remained unchanged, the husband managing the farm the same as he did before such conveyance, and

among other things built a fence which encroached on the highway; and, failing to remove the same on the order of the commissioner of highways, that officer took such steps as resulted in a judgment under the statute fixing the husband's liability for the encroachment, the order for removal having been directed *to* and served *upon* him, of which facts the wife had full notice:—

*Held,* in a suit brought by the wife to recover damages for the removal of the fence by the commissioner, that the order was properly served on the husband as *occupant* of the land; and that the proceedings in the suit wherein the husband's liability for maintaining such encroachment was adjudicated were admissible as evidence in favor of the commissioner in the damage suit brought by the wife.

3. The statute (How. Stat. § 1371) *purposely* names the *occupant* of land as the proper person to proceed against for the removal of an encroachment on the adjoining highway. To require such service to be made upon the *owner* involves an impossibility in many cases where such owners are infants, non-residents, or unknown; and the Legislature wisely regarded the occupier of the inclosure formed by the encroachment as the *responsible* party, upon whom service should be had.

4. It would have been competent for the Legislature to authorize the commissioner of highways to proceed and remove all encroachments upon the highways without any notice to the owner or occupant of adjoining lands; and certainly a law which provides for notice to the *occupant* cannot be held invalid to protect such officer because it fails to also require service on the *owner* of such lands.

5. A highway commissioner proceeding to remove an encroachment from the highway is justified only in the fact that the highway is encroached upon, and is liable for any trespass he may commit if it proves not to be a highway and an encroachment thereon.

6. The provisions of the highway law of 1881 (How. Stat. § 1371) relating to the removal of encroachments extend to *all* public highways, whether actually *laid* out or such from *user.*

7. Where the order of a commissioner of highways for the removal of a fence designated the alleged encroachment as "a strip of land two rods in width, across the land of Frederick Krueger, the south end of private claim No. 32, which now lies inclosed by said fence," and ordered "that such fence be removed, so that the road shall be opened and unobstructed, and of the width originally intended, which shall be four rods,"—

*Held,* that the object of such order and notice is to point out clearly the extent of the supposed encroachment, by declaring how far the fence lies from where it ought to be (*People v. Smith,* 42 Mich. 139), and that the order above described does this explicitly.

Error to Wayne. (Jennison, J.) Argued May 5, 1886. Decided June 24, 1886.

Case. Defendants bring error. Reversed. The facts are stated in the opinion and head-notes.

*George H. Prentis* and *B. T. Prentis,* for appellants :

Upon the record the land appeared to be the husband's property, and plaintiff had lived there as his wife and only in that right; and nothing had transpired to suggest that the husband had made the property over to her. *Atwood v. Bearss,* 47 Mich. 72.

The statute seems to have provided for just such a case by making the occupant the party to be dealt with. But in this case the husband was such occupant, absolutely and for all purposes. *Snyder v. People,* 26 Mich. 106 ; *Rowe v. Kellogg,* 54 Id. 206.

The husband is the head of the family : *Powers v. Russell,* 26 Mich. 179 ; and the wife is not obliged to take upon herself the management of the farm because it is deeded to her : *Page v. Kendrick,* 10 Mich. 300; *Hill v. Bowman,* 35 Id. 191.

Under the facts in this case the possession was that of the husband : *Boos v. Gomber,* 24 Wis. 499 ; and possession does not follow title in such a case : *Lyon v. Green Bay & M. Ry. Co.,* 42 Id. 548. But even if the deed had been recorded, the husband's possession " had continued for so long a period as to afford ground for a probable inference or presumption that he must, as between himself and plaintiff, have either retained or acquired some right to the land or to its possession :" *Bennett v. Robinson,* 27 Mich. 30.

The township records and map were admissible in evidence : *Potter v. Safford,* 50 Mich. 46.

Proof of user for fifteen years was competent. Under the 1881 statute, the encroachment provisions apply to roads actually laid out or such by user.

Finally, the alleged trespass was committed in what was actually used as a public road, and not on plaintiff's land. Long practical acquiescence in the line of a highway will bind the public : *Ellsworth v. Grand Rapids,* 27 Mich. 250 ; *Gregory v. Knight,* 50 Id. 61 ; and if the public is bound, why not the owner ?

*Sylvester Larned* and *Henry M. Cheever,* for plaintiff :

The admission of testimony after plaintiff had closed her

case was a matter within the discretion of the court : *White v. Bailey*, 10 Mich. 155 ; *D. & M. R. R. Co. v. Van Steinburg*, 17 Id. 99 ; *Kempsey v. McGinniss*, 21 Id. 123 ; *Dubois v. Campau*, 24 Id. 360 ; *People v. Saunders*, 25 Id. 119; *Morse v. Hewett*, 28 Id. 481 ; *Hutchins v. Kimmell*, 31 Id. 126 ; *Hulbert v. Hammond*, 41 Id. 345.

The fact that plaintiff's husband lived upon the land with her did not divest her of the legal title and the possession which followed it : *White v. Zane*, 10 Mich. 333 ; *Agricultural Ins. Co. of Watertown v. Montague*, 38 Id. 548.

The title being in plaintiff, and both being occupants of the premises, ejectment should have been brought against both in order to affect her rights and disturb her possession : *Hodson v. Van Fossen*, 26 Mich. 68 ; *Hendricks v. Rasson*, 42 Id. 104 ; *Bunce v. Bidwell*, 43 Id. 544.

But this action is not to protect such joint possession, nor could its final result disturb the same; hence it does not fall within the rule laid down in *Henry v. Gregory*, 29 Mich. 69.

The husband and family jointly occupying the land with the wife, who held the legal title, he could have complained of any unlawful interference therewith, but the wife could also complain : *Rowe v. Kellogg*, 54 Mich. 206.

The encroachment proceedings, offered as a defense, were properly excluded. They were against the husband, and the notice of removal was of an " obstruction," not an " encroachment." Our laws make a marked distinction between obstructing a public highway and encroaching upon it : *City of Grand Rapids v. Hughes*, 15 Mich. 57 ; *Roberts v. Highway Commissioners*, 24 Id. 182.

The mode of dealing with the two offenses is always different, and different penalties are provided. Code of 1827, 396-7, §§ 25-6 ; Code of 1833, p. 111; R. S. 1838, p. 128; R. S. 1846, p. 138; Comp. Laws 1857, p. 366; Laws of 1861, p. 153; How. Stat. § 1371.

The penalty for obstructing a highway cannot be enforced by indictment or information : *Pettinger v. People*, 20 Mich. 336.

The statute providing for proceedings in case of an encroachment applies only to roads actually laid out : *Roberts v. Highway Commissioners*, 25 Mich. 23 ; *Campau v. Button*, 33 Id. 525 ; *Gregory v. Stanton*, 40 Id. 271 ; *Willson v. Gifford*, 42 Id. 454 ; *People v. Smith*, Id. 138.

The order to remove the encroachment was properly excluded, because it failed to properly designate the existence of the same : *People v. Smith*, 42 Mich. 138.

CHAMPLIN, J.   The plaintiff brought an action of trespass
on the case against the defendants, for unlawfully, wrong-
fully, and injuriously removing, from land alleged to belong
to plaintiff, a wooden fence, and destroying the same, and
forest, fruit, and shade trees, and taking from her possession
and depriving her of a strip of land two rods wide along
the whole of the front of her premises adjoining the public
highway along St. Cosme line.

Plaintiff describes her land as being bounded on the south
by the St. Cosme line.

The defendants pleaded the general issue, and Francis Le
Blanc gave notice that he was a highway commissioner of
the town of Ecorse, in which the premises were situated,
and, as such, did the acts complained of, with the other de-
fendants as his lawful assistants, in removing encroachments
upon the public highway known as the "St. Cosme Line
Road," under the provisions of chapter 6 of Act No. 243 of
the Laws of Michigan passed at the session of 1881, entitled
"The   Obstruction   of   Highways, and   Encroachments
Thereon."

The plaintiff gave evidence tending to show that she owned
the land described in the declaration, and had lived upon it
with her husband for fourteen years and upwards, and that
it had a front of 36 or 37 rods on the St. Cosme line ; that
in June, 1882, her husband built a board fence there, on the
south side of a ditch ; that in 1870 he built a rail fence on
the north side of the ditch, and afterwards he built the fence
in question on the southern shore of the ditch ; that defend-
ants tore down and removed this fence in December, 1882.
Plaintiff also introduced evidence tending to show some
injury to some cherry trees and three black walnut trees.
In removing the fence they split some of the boards.

The plaintiff, when a witness in her own behalf, after
testifying to the removal of the fence by defendants, was
asked by her counsel the following question :

"What were you obliged to do—yourself and husband
and children—in the way of watching to prevent cattle in-
juring the land, the orchard, and the crops ?"

And the witness was permitted to answer, against defendants' objection as being leading and incompetent, that—

" One of us had to stay at home all the time; and at nights, if the dog barked, I had to go out myself on account of my husband's sickness. I also had to keep the children out of school."

This testimony, besides being remote and not the necessary consequence of the injury complained of, was inadmissible under the declaration, which counted merely for the injury and destruction of the fence and trees by the direct acts of defendants. It ought to have been excluded.

It further appeared from the plaintiff's evidence that the land described in the declaration had been conveyed by deed from plaintiff's husband to herself in the year 1880, but the deed had not been recorded, and there had been no change in the possession and occupancy since the execution of the deed from what there was before. The husband worked the farm all the time they lived there, raised the crops and sold them, bought and sold the stock, and carried on the farm, and did everything there with her.

It also appeared from the cross-examination of the plaintiff that she knew defendant Le Blanc was highway commissioner of Ecorse at that time; that a notice to move the fence had been served by leaving the same at the house, directed to her husband, who read it to her, and told her that they should move the fence. This was in June, 1882, and in August thereafter her husband told her that a suit had been commenced against him, pursuant to such notice; that they built the board fence out into the road, and set it two rods from the St. Cosme line.

The defendant gave evidence tending to prove that in 1882, and for over a year prior thereto, he was commissioner of highways of Ecorse, and in December, 1882, went to the Krueger farm, in his official capacity, to remove an encroachment, in the shape of a board fence, from the highway. The other defendants went with him as his lawful assistants, and they took up the fence, and removed it over onto plaintiff's lands; that the fence had been placed in the highway, so

that at one end it was 16 feet, and at the other end 10 feet; that this highway is called the "St. Cosme Line Road," and has been in use·as a public highway, including the portion taken in by that fence, for thirty years or more; that on the twenty-fourth of June, 1882, he served an order to remove that fence as an encroachment on the highway.

The following is a copy of the order served:

"*State of Michigan, County of Wayne, Township of Ecorse—ss.:* The undersigned, commissioner of highways of Ecorse, county of Wayne, having ascertained that the public highway in the said township running from the village of Ecorse—Grand Port, so called—to intersect private claim No. 31, the St. Cosme line road, so called, is encroached upon, on the northerly side thereof, along the lands in the occupation of Frederick Krueger, by a board fence erected by the said Frederick Krueger, and having ascertained that all that strip of land two rods wide, across the lands of the said Frederick Krueger, the south end of private claim No. 32, which now lies inclosed by said fence, is a part of said highway, it is therefore ordered by said commissioner of highways that said fence be removed, so that the said highway shall be opened and unobstructed, and of the width originally intended, which was (4) four rods.

"Given under my hand this twenty-fourth day of June, A. D. 1882.

"Francis Le Blanc,
"Commissioner of Highways."

"*To Frederick Krueger:* Take notice that an order, a copy of which is herewith served upon you, has been made by me, and you are required, according to the statute in such case made and provided, to remove the board fence therein mentioned within thirty days after service upon you of a copy of said order.

"Francis Le Blanc,
"Commissioner of Highways.

"*Dated the twenty-fourth day of June, 1882.*"

Elijah Goodell, the county surveyor, was sworn for defendants, and testified that he had made a map of the St. Cosme line road, so called, and that it had been used as a road as laid down upon the map for twenty-five years or more, and that the southerly line of that road is the St. Cosme

line.  He testified to the correctness of the map, and of the
location of the Krueger farm thereon; that the width of the
road on the map is sixty-six feet.

The book of township records was also produced and
proved before the court by the clerk in whose custody it was,
in which was a survey of the St. Cosme line road, made in
1851, respecting which the witness testified:

" It is the same road which I have said had been used for
twenty-five years, and which I have surveyed."

The records were read in evidence.   The counsel for the
plaintiff then moved to strike out the township records, and
especially the record of the survey, and the testimony relat-
ing thereto, and also the map, and the testimony relating
thereto, which motion was granted by the court, to which
ruling the defendants excepted.

The defendants thereupon offered to prove that, upon re-
ceiving order, Exhibit A, Frederick Krueger served upon the
highway commissioner a notice denying the encroachment as
set forth in said order; that thereupon a suit was begun against
him, as the occupant of said land, before Justice Summers,
of Ecorse, under the statute; that he appeared therein, and
filed a notice under the statute, denying the encroachment;
and that judgment was afterwards duly rendered in said suit,
finding said Frederick Krueger, as such occupant, guilty of
causing and maintaining the encroachment as charged, and
that said highway existed, by having been regularly laid out
and established as a public highway, and that it had been used
as such for upwards of twenty-five years; and that defend-
ants acted under that judgment in doing the acts com-
plained of.

The plaintiff objected to said offer, because said proceed-
ings were against Frederick Krueger, and were not binding
on plaintiff, and the court sustained the objection on said
ground, and refused to allow said proof, and defendants duly
excepted.  And said defendants then offered to prove that
this road had been used and worked as a public highway for
upwards of fifteen years, up to a distance of four rods from

the St. Cosme line, all along the south end of the Krueger farm, which offer was objected to by said plaintiff for reasons already stated.   The court sustained the objection and refused to allow such proof, and defendants duly excepted.

The court erred in striking out the testimony respecting the township records and map, and also in rejecting the testimony offered by the defendants. The plaintiff's counsel contend that the rulings were correct for two reasons:

1. Because the proceedings to remove the encroachment were had against the husband of plaintiff.

2. Because the proceedings were not taken in the case of a highway *actually laid out*, but only a highway by user.

No authority is cited in support of the first reason.

The statute is explicit that in case of encroachment the commissioner shall make an order, under his hand, requiring the occupant of the land through or by which the highway runs, and of which such fence or other encroachment forms a part of the inclosure, to remove such encroachment within thirty days.   It was not disputed in this case that Mr. Krueger, upon whom the notice was served, was the occupant of the land, and the order was properly served upon him to remove the same.   Moreover, his own testimony showed that he placed the fence in the highway when occupying such land.

The statute purposely named the occupant as the proper person to proceed against for the removal of the encroachment.[1]   To require service upon the owner would be to require an impossibility in many cases where the owners are infants, non-residents, or unknown; and the Legislature wisely regarded the occupier of the inclosure formed by the encroachment as the responsible party, upon whom service should be had.

It would have been competent for the Legislature to authorize the commissioner of highways to proceed and remove all encroachments upon the highway without any notice to the owner or occupant of adjoining lands; and certainly a law which provides for notice to the occupant cannot be held in-

---

[1] How. Stat. § 1371.

valid to protect the officer because it does not also require notice to the owner of lands adjoining such highway.

The officer proceeding to remove an encroachment is justified only in the fact that the highway is encroached upon, and is liable for any trespass he may commit if it turns out not to be a highway and an encroachment thereon.

The second reason above stated is based upon the decisions of this Court rendered under the provisions of the laws of 1861 and 1871, which applied to encroachments upon highways *actually laid out.*

But the present law, enacted in 1881, is not confined to highways actually laid out. It extends to all public highways, whether such as are actually laid out or such from user, and it enacts that,—

" In the trial of any cause involving the existence of any highway, the burden of proof shall be upon the contestants to show that the same has not been regularly laid out and established as a public highway, or has not become such by public use." [2]

Doubtless this language refers to the contest authorized by the act to determine the existence of the encroachment on the highway ; yet it plainly shows that the present statute is intended to protect highways that have become such by public use from encroachment, no less than those laid out and established by law. The testimony in this case showed, without contradiction, that the highway known as the "St. Cosme Line Road" is a public highway by public use, and was encroached upon by the fence removed.

Counsel for plaintiff also contend that the notice and order for removal was properly excluded, because it did not properly designate the existence of the supposed encroachment. The order designates the encroachment as a strip of land two rods in width, across the land of Frederick Krueger, the south end of private claim No. 32, which now lies inclosed by said fence ; and orders that the fence be removed, so that the road

[2] How. Stat. § 1374.

shall be opened and unobstructed, and of the width origin-
ally intended, which shall be four rods.

As was said in the case of *People v. Smith*, 42 Mich. 139,
the object of the order and notice is to point out clearly the
extent of the supposed encroachment, by declaring how far
the fence lies from where it ought to be. This the order
does in this case explicitly, and the proof shows that the
plaintiff was not misled or left in ignorance, for she proves
that she set her fence just two rods from the St. Cosme line,
and the order requires the occupant to set it back two rods,
so as to leave the highway four rods wide.

The evidence does not disclose a case for exemplary dam-
ages. The defendant appears to have acted in good faith,
and from a sense of official duty.

The judgment should be reversed, and a new trial granted.

The other Justices concurred.