GEORGE LEBLANC, HIGHWAY COMMISSIONER, v. WILHEL-
MINA KRUGER.

| 75 | 561 |
|----|-----|
| 78 | 646 |

*Highways—Order for removal of encroachment—Trespass—Declaration—Description.*

1. The intention of How. Stat. § 1373, providing for an action of trespass where an alleged encroachment *upon* or the existence *of* a highway is denied, is to have an exact conformity between the order for removal and the declaration, which pleading is intended to be in writing, and, if verbal, must be equally specific.[1]

2. It is not usual or very safe to have the title to lands settled before a justice of the peace, and, whatever looseness may be tolerated in small controversies, the statute does not allow such important questions as those which relate to farm bounds and highways to be dealt with except in such a way as to leave no room for doubt as to the meaning of the record.

Error to Wayne. (Reilly, J.) Argued June 7, 1889. Decided June 28, 1889.

Trespass for non-removal of encroachment on highway. Defendant brings error. Reversed and a new trial denied. The facts are stated in the opinion.

*Henry M. Cheever*, for appellant.

*Stewart & Galloway*, for plaintiff.

CAMPBELL, J. This suit, the names of the parties to which are becoming familiar in this Court, was begun by plaintiff, as highway commissioner, to remove an alleged highway encroachment in Ecorse.[2] The road in question is not one legally set out, but, so far as it exists, is a highway by user only, and is therefore confined to the width actually used by

---

[1] See *Graham v. Langston*, 65 Mich. 45.
[2] See *Kruger v. LeBlanc*, 62 Mich. 70; 70 Id.—— (37 N. W. Rep. 880).
75 MICH.—36.

the public, and cannot be enlarged without regular proceedings and assessment of damages.

The statute in regard to such proceedings directs the commissioner to make a written order requiring the occupant to remove the encroachment within thirty days, except that fences cannot be required to be moved between the first of April and November, unless made within three months previous to the order. This order is required to specify the width of the road, the greatest extent of the encroachment, and of what it consists, and the place or places where it may be, with reasonable certainty. In case of non-removal and denial of the encroachment or of the highway, an action of trespass must be brought, the declaration in which is to follow the order, and the jury must find the facts as they are shown to exist.

In this case the commissioner's order did not in any way show the width of the road beyond what may be inferred from these words:

"Of the width originally used; that is, in line with Sansouci's and Dasher's fences, which is about fifty feet from the St. Cosme line."

The description of encroachment in the same order is as follows:

"That narrow strip of land along the entire front of said occupant's land, extending thirty-six rods and eight feet along the north side of the said St. Cosme line road, between and in line with the fences of O. Sansouci on the east and Fred Dasher on the west, along the north side of the north ditch of said highway    *    *    *    according to the decision of the Supreme Court of Michigan, given April, A. D. 1888."

The declaration, which is a remarkable example of illiteracy, describes, in a method of spelling that we do not feel compelled to follow, the following encroachment:

"On a certain highway in said township known as the 'St. Cosme Line Road,' in front of the premises owned and occu-

pied by said defendant, by putting up posts and fence-rails in that part of said highway between the premises of O. Sansouci and Fred Dasher, described as follows: 'Beginning at the end of the fence of said O. Sansouci, thence along said highway westerly, in a direct line, to the road fence of Fred Dasher; thence southerly, at right angles to said line, about 30 feet, at right angles to said first-mentioned line; thence easterly, parallel with said mentioned line, to a point, with thence right angle to said last-mentioned line to place of beginning,—the said road being in front of said defendants, being a width of fifty feet thereabouts.' "

This, as far as intelligible at all, describes an encroachment 30 feet wide along the north side of a 50-foot road, the true north boundary of which is a line coincident with the Sansouci and Dasher fences. The order requiring the removal of the encroachment cannot be made intelligible by itself, and does not correspond in terms, or, as far as we can judge, in tenor, with the declaration which is, by statute, required to follow it. How. Stat. § 1373. The order places the encroachment on the north side of the north ditch,—which seems improbable under the testimony,—or else it does not describe it at all. A strip 30 feet wide off from a 50-foot street would hardly be called a "narrow strip," and the declaration makes it exactly 30 feet wide.

The intention of the statute is to have an exact conformity between the order and the declaration. The action is in some respects of a penal nature, and the defendant can only be charged with what is laid against her by the other. It is undoubtedly intended that the declaration shall be in writing, and, if not, the verbal declaration must be equally specific. The principal object of the proceeding is to obtain a finding of record which shall settle the condition and extent of the road and of the encroachment, and the order is the foundation of the suit.

Some questions arise upon other facts of the record, but, inasmuch as the declaration and order do not correspond in describing the road and encroachment with reasonable cer-

tainty, the whole proceeding must fail, and it is to be hoped
if any future steps are taken more care will be had in follow-
ing the statute.    It is not usual or very safe to have the title
to lands settled before a justice of the peace, and, whatever
looseness may be tolerated in small controversies, the statute
does not allow such important questions as those which relate
to farm bounds and highways to be dealt with except in such
a way as to leave no room for doubt as to the meaning of the
record.

The judgment must be reversed *without* granting a new
trial, with costs of all the courts.

The other Justices concurred.