# The Township of Lebanon v. Altie C. Burch.

*Highways—Encroachments—Equity jurisdiction.*

1. Chapter 6 of Act No. 243, Laws of 1881 (How. Stat. §§ 1373–1376), furnishes not only an adequate remedy at law for the removal of encroachments upon *township* highways, but one devised for the very purpose, and made obligatory in terms, and leaves no occasion for resort to equity, unless under some possibly peculiar circumstances which cannot generally exist.

2. The following general propositions are summarized from the opinion of Mr. Justice Campbell:

   *a*—The highway law now in force was passed in 1881, and supplied methods for dealing with encroachments which had been previously wanting or were very imperfect. The former laws made no provision for dealing with encroachments except where the highway had been duly laid out according to law. Highways by user, or those in any way lacking complete regularity, were left without statutory redress. *Parker v. People,* 22 Mich. 93; *Roberts v. Commissioners,* 25 Id. 23.

   *b*—The proceedings in case of regularly laid out highways consisted of a species of inquest not in the ordinary course of law; and it was held by this Court that titles and boundaries actually disputed could not be subjected to any remedy which would deprive a party of his right to a trial after the course of the common law. *Sheldon v. Kalamazoo,* 24 Mich. 383; *Roberts v. Commissioners,* 25 Id. 23; *Campau v. Button,* 33 Id. 525; *Gregory v. Stanton,* 40 Id. 271; *Willson v. Gifford,* 42 Id. 454.

   *c*—The amendment to Comp. Laws 1871, section 5057 (How. Stat. § 6611), empowering courts in chancery to hear and determine all cases of encroachments upon the public highways, streets, and public alleys in organized townships and incorporated villages and cities, being merely an amendment of a general section in the chapter on courts of chancery, left the section, as before, to be construed with the rest of the statute, and subject to its provisions, as far as practicable.

   *d*—How. Stat. § 1371, authorizes the highway commissioner, in case of encroachment upon a township highway, to order its removal, which order must specify the width of the road, the greatest extent of the encroachment, and of what it con-

sists, and the place or places encroached upon, with reasonable certainty; and until notice of removal is served upon the landholder he cannot be regarded as in fault, nor can he be called upon to remove anything not distinctly located by the notice; and, in cases of dispute as to existence and bounds of the highway, this summary remedy is forbidden, and the commissioner is specifically directed to proceed at law by trespass. How. Stat. § 1372; *People v. Smith*, 42 Mich. 138; *Gregory v. Knight*, 50 Id. 61; *LeBlanc v. Kruger*, 75 Id. 561.

e—Under the highway law no township officer except the commissioner of highways has any right to meddle with highway matters. His duty is, when he thinks a road is encroached on, to satisfy himself in some responsible way, which will bear the test of a lawsuit, *where* the highway lines are, and *how* they are encroached upon. Until he complains, no one else can do so, and no one else can change his order; and when his order is disregarded, his remedy is specifically prescribed, and no remedy in any other form is as well calculated to reach the desired result.

f—A bill cannot be filed to take into a court of chancery jurisdiction over a controversy of a legal nature without a verification of such facts as show its propriety. *Moore v. Cheeseman*, 23 Mich. 332.[1]

Appeal from Clinton. (Smith, J.) Argued November 5 and 6, 1889. Decided December 28, 1889.

Bill to remove encroachment from highway. Defendant appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Auten & Moss*, for complainant.

*Will H. Brunson* (*Spaulding & Walbridge*, of counsel), for defendant.

[The points of counsel are stated in the opinion.— REPORTER.]

CAMPBELL, J. A bill in equity was filed in the circuit court for the county of Clinton to remove a fence alleged to be an encroachment on a highway. The court

---

[1] See *Bernier v. Bernier*, 72 Mich. 43 (head-note 2).

granted a decree varying in extent from the case made by the bill. Defendant appeals, claiming that the suit was not maintainable in equity on the record, and that the decree was not correct on any ground.

The bill set up the ownership by defendant and by her grantors of the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 17, in town 8 N., of range 4 W.; that as early as 1855 a four-rod wide highway was laid east and west, taking two rods in width of the north end of the lot, and was kept in use, of full width, for over 20 years, till 1883 or 1884, when defendant and Loren G. Burch, whose interest she now holds, built a rail-fence 80 rods long, including from 18 to 21 feet of the width of the highway, and only from 12 to 16 feet from the legal center of the highway; that defendant still maintains the encroachment, and refuses to remove it, claiming it is rightful, and no encroachment.

This is the whole substance of the bill, except its prayer. It is not signed by the highway commissioner, or by any township officer, and is not verified.

Defendant, saving all exceptions to the bill, admits that a highway was laid across the north end of the premises, including two rods of the land, and that Loren G. Burch built the fence now standing, which is a board-fence, in place of an old rail-fence previously there, and says the fence does not encroach on the two rods in question, but is on her own land, and fully two rods south of the section line. Upon the testimony in the case, the only surveys which seem to have paid any close attention to the government field-notes agree in fixing the section corner where the line would leave the road center far enough from defendant's fence to make it no encroachment. The survey in 1880 was made with the concurrence and under the oversight of the town commissioner of highways, who recognized its correctness,

and found that the encroachments were on the other side of the road. In our opinion, the testimony concerning the correct location is clearly in defendant's favor, and the decree should be reversed and the bill dismissed on the merits.

But the case calls properly for remark on its methods. The highway law now in force was passed in 1881, and supplied methods for dealing with encroachments which had been previously wanting or very imperfect. The former laws made no provision for dealing with encroachments except where the highway had been duly laid out according to law. Highways by user, or highways in any way lacking complete regularity, were left without statutory redress for encroachments. See *Parker v. People*, 22 Mich. 93; *Roberts v. Commissioners*, 25 Id. 23.

The proceedings in case of regularly laid out highways consisted of a species of inquest not in the ordinary course of law; and it was held by this Court that titles and boundaries actually disputed could not be subjected to any remedy which would deprive a party of his right to a trial after the course of the common law. *Sheldon v. Kalamazoo*, 24 Mich. 383; *Roberts v. Commissioners*, 25 Id. 23; *Campau v. Button*, 33 Id. 525; *Gregory v. Stanton*, 40 Id. 271; *Willson v. Gifford*, 42 Id. 454 (4 N. W. Rep. 170).

The result was, that although when there was no honest dispute about the highway or its lines the commissioner could by inquest be authorized to remove encroachments, yet where there was any dispute he could not do so until the right had been legally settled, while in highways by user he could not interfere at all. This showed the necessity of equitable interference in the absence of any adequate legal remedy, and especially where, after the right was settled, no specific remedy existed for removing the nuisance.

After the law had been found so imperfect by this Court, an amendment was made in 1877 to section 5057 of the compilation of 1871, now numbered 6611 of Howell, which conferred on courts in chancery the same jurisdiction existing in England, whereby such courts were further empowered—

"To hear and determine all cases of encroachments upon the public highways, streets, and public alleys in organized townships, incorporated villages and cities, in this State. Such suits may be instituted in the corporate name of such townships, villages, and cities."

This, being merely an amendment of a general section in the chapter on courts of chancery, left the section, as before, to be construed with the rest of the statute, and subject to its provisions, as far as practicable.

The law so stood until the highway act of 1881 was passed, which did not affect cities and villages, but provided very fully for highways in townships, and gave adequate remedies where none existed before. By chapter 6, including sections 1371 to 1378 of Howell, the subject of encroachments and obstructions is systematically dealt with. By section 1371 the commissioner, in case of encroachment, is authorized to order its removal, but it is declared that—

"Every such order shall specify the width of the road, the greatest extent of the encroachment, and of what it consists, and the place or places in which the same may be, with reasonable certainty."

Exceptions are made in favor of fences protecting hedges and improvements. Until such notice is given we have held that the land-holder cannot be regarded as in fault, and that he cannot be called on to remove anything not distinctly located by the notice. *People v. Smith,* 42 Mich. 138 (3 N. W. Rep. 302); *Gregory v. Knight,* 50 Id. 61 (14 N. W. Rep. 700). In the latter

case it was pointed out that in cases of dispute the summary remedy was directly forbidden, and the commissioner is specifically directed to proceed at law by trespass. Section 1372.

By sections 1373 to 1376 full directions are given concerning this action. It is to be begun by the commissioner in his name of office, before a justice, in the form of trespass, and, in case the jury find the defendant guilty, they must also find the extent of the encroachment, and whether the highway is by user or otherwise. Either party may appeal to the circuit, and, in case of final judgment in favor of the commissioner, he is thereby authorized to remove the encroachment summarily.

This furnishes complete and specific relief, in connection with trial by jury, to which the land-owner is constitutionally entitled, and leaves no occasion for resort to equity, unless under some possibly peculiar circumstances which cannot generally exist. As this chapter only applies to country roads in townships, it would not have any bearing on the form of remedy in cities and villages, which are also covered by the equitable amendment of 1877.

We held under this statute in *LeBlanc v. Kruger*, 75 Mich. 561 (42 N. W. Rep. 980), that the order and notice of removal must be substantially accurate, and that the declaration must strictly follow the order for the failure to conform to which the action was brought, and on the correctness of which the jury must pass. As there stated:

" The principal object of the proceeding is to obtain a finding of record which shall settle the condition and extent of the road and of the encroachment, and the order is the foundation of the suit."

Under the highway law no township officer except the commissioner has any right to meddle with highway

matters. His duty is, when he thinks a road is encroached on, to satisfy himself in some responsible way, which will bear the test of a lawsuit, where the highway lines are, and how they are encroached upon. Until he complains, no one else can do so, and no one else can change his order. When his order is disregarded his remedy is specifically prescribed, and no remedy in any other form is as well calculated to reach the desired result.

The bill and proceedings in the present case are entirely repugnant to the rules which have always been observed in regard to jurisdiction and procedure. In the first place, there is not only an adequate remedy at law, but one devised for the very purpose, and made obligatory in terms, and better adapted to do justice.

In the second place, neither bill nor proof indicate that the highway commissioner ever determined that there was any encroachment or gave any order of removal. Neither does it appear that this suit was authorized by him. And in this connection it should be noted that, by the settled practice in England and here, a bill cannot be filed to take into a court of chancery jurisdiction over a controversy of a legal nature without a verification of such facts as show its propriety. *Moore v. Cheeseman*, 23 Mich. 332. This bill is not sworn to, and it shows no reason for resorting to equity instead of law. Had it been sworn to, it must have been, under the circumstances, by the highway commissioner, as the officer having official notice of the facts. Now there is nothing in pleadings or proofs to show who, if any, among the township authorities, directed it to be filed.

The case, therefore, is not a proper one for such proceedings as were had here.

In the third place, the bill contains no accurate description of any encroachment, and the decree does not conform to the allegations. As we have already intimated,

it is not sustained by the proofs, and, furthermore, we have no information what the commissioner thought in the matter, beyond the inference that, if he had thought any encroachment existed, he would probably have done his duty under the statute.

The decree should be reversed, and the bill dismissed, with costs.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.