MARY ANN MACY *et vir*, Respondents, v. A. H. CARTER *et al.*, Appellants.

67   323
s76   493

Kansas City Court of Appeals, November 9, 1896.

Trespass: SPECIAL DAMAGES: PLEADING: EVIDENCE. In an action of trespass for tearing down and removing plaintiffs' fence along their land, it is error to introduce evidence to prove that the plaintiffs were deprived of the use of certain pasture land which belonged to the farm, since such damage is special and should be specially pleaded.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Hugh C. Smith* and *Harber & Knight* for appellants.

(1) There being no allegation in the petition of any special damages, and the law implying none, from the doing of the act complained of (other than the statutory penalty of $5), the court erred in admitting

evidence of the loss to plaintiffs of the use of the eighty acres of pasture lands, of the estimated value of from $75 to $480. 1 Sedgwick on Dam. 426; Bliss on Code Plead. [2 Ed.] 297b; *Oleary v. Rowen*, 31 Mo. 119; *State v. Blockman*, 51 Mo. 320; *Brown v. Railroad*, 99 Mo. 311; *Hewitt v. Harvey*, 46 Mo. 368; *Kennayde v. Railroad*, 45 Mo. 255; *Barnett v. Telegraph Co.*, 42 Mo. App. 542-550; *Ross v. Machine Co.*, 24 Mo. App. 353-356. (2) Neither the loss of the use of the pasture lands, nor the rental value thereof, were proper elements of damage; such loss was not the direct and immediate consequence of the act complained of. Hence, the court erred in permitting evidence in reference thereto, and allowing a recovery therefor. *Sanders v. Brosius*, 52 Mo. 50; *Wilson v. Weil*, 67 Mo. 399; *Fountain v. Lumber Co.*, 109 Mo. 55; *Wisdom v. Newberry*, 30 Mo. App. 241; *Sira v. Railroad*, 115 Mo. 127; *Gilliland v. Railroad*, 19 Mo. App. 411.

*Geo. Hall & Son* for respondents.

(1) The trespass complained of was a continuing trespass, and plaintiff had the right to recover for all damages resulting therefrom, up to the time of trial. *Williams v. Furnace Co.*, 13 Mo. App. 70; *Cook v. Redman*, 45 Mo. App. 397; *Steiglider v. Railroad*, 38 Mo. App. 511; *Ray v. Railroad*, 25 Mo. App. 104. (2) The damages recovered were the actual damages naturally flowing from the unlawful acts of defendants, and did not need to be specially pleaded in order to recover therefor. *Cook v. Redman*, 45 Mo. App. 397; 1 Sutherland on Damages, 187; 1 McQuillin's Pl. & Pr., sec. 304.

GILL, J.—This is an action of trespass, wherein it was alleged by the petition that on April 5, 1895, plain-

tiffs owned and were in the possession of certain farm lands in Grundy county, which were inclosed with good and sufficient rail and post and wire fencing; and "that on said fifth day of April, 1895, the defendants, without leave and wrongfully entered upon said estate and voluntarily threw down a portion of said rail and post and wire fence upon and inclosing said real estate, and left the same down; by reason of which unlawful acts of the defendants, plaintiffs say they are injured and damaged in the sum of three hundred dollars."

The substance of the answer was, that defendant Carter—who was road overseer—together with the other defendants, entered upon a strip of the land thirty-five feet wide and half a mile long, and took down the fence so as to open up a public road ordered by the township commissioners, it being alleged that Grundy county had adopted township organization. A reply was filed denying the new matter set up in the answer.

At the trial before a jury a verdict for plaintiffs in the sum of $100 was returned, which, under the statute (section 8676), was doubled and judgment rendered for $200, from which defendants appealed.

Defendants have just cause to complain of the court's action in permitting plaintiffs to introduce evidence to prove that by reason of defendants' entering upon the thirty-five foot strip of land and moving the fence therefrom, the plaintiffs were deprived of the use of certain pasture land, about eighty acres, which belonged to the farm.

This, clearly, was special damages, and should have been specially pleaded in the petition. Bliss on Code Pl. [3 Ed.], sec. 2975; 1 McQuil. Pl. & Pr., sec. 304, and cases cited; 1 Sutherland on Damages [2 Ed.], secs. 418, 419; *Krueger v. LeBlanc*, 62 Mich. 70.

In the foregoing statement we quote every word of the petition relating to the damages, and it will be seen

that it only alleges general damages. If it was desired to call upon defendants to make good such incidental or special damages as that claimed at the trial, then the petition should have set it out with some particularity, so that the defendants might have been advised and been prepared to meet such charges.

From reading the record it would seem that this special damage was very largely the basis of the verdict. The error, then, of the court, was manifestly prejudicial to the defense.

The judgment must be reversed and cause remanded. All concur.