TOWNSHIP OF GREENFIELD *v.* NORTON.

HIGHWAYS—ENCROACHMENTS—EQUITY JURISDICTION.

Equity will not, in the absence of special circumstances, entertain a bill to remove an alleged obstruction from a township highway, under the provisions of 2 How. Stat. § 6611, since an adequate remedy at law in such cases is afforded by 3 How. Stat. §§ 1371–1378.

Appeal from Wayne; Lillibridge, J. Submitted October 9, 1896. Decided December 4, 1896.

Bill by the township of Greenfield and Henry Lanco, highway commissioner, against Milton G. Norton, to compel the removal of an obstruction from a public highway. From a decree dismissing the bill on demurrer, complainants appeal. Affirmed.

*James H. Pound,* for complainants.

MOORE, J. Complainants filed a bill alleging the existence of a public highway through the township of Greenfield known as the "Grand River Road," which road is described as having been in existence more than 35 years. The bill states that it is 100 feet wide, and is one of the most important public roads in the township. It avers that defendant has erected and now "maintains in said public highway a purpresture in the shape of a public barn;" that said barn occupies a portion of said highway; and that defendant's use of said road, which is greatly traveled, is unlawful. It also states that the highway commissioner served a written notice upon the defendant to remove the barn, and that he declined to do so, and claimed he had some right to the land. The bill prayed for a decree requiring the defendant to remove

the barn, and for a perpetual injunction to restrain the replacing of any obstructions in said road upon defendant's part. The defendant interposed a general demurrer to the bill. A decree was entered dismissing the bill of complaint, from which decree the complainants appeal.

We are not favored with a brief from the defendant, so that we do not know what his contention is. The complainants insist that they have a right to maintain this bill under 2 How. Stat. § 6611, which reads:

"Said circuit court in chancery shall also have jurisdiction and authority to hear and determine all cases of encroachments upon the public highways, streets, and public alleys in organized townships, incorporated villages and cities, in this State. Such suits may be instituted in the corporate name of such townships, villages, and cities."

Five days after the section just quoted became a law, the legislature passed the highway act of 1881, which did not affect cities and villages, but provided very fully for highways in townships, and provided remedies for encroachments where none had existed before. The act of June 8th did not in terms repeal the act of June 3d, and it is insisted here that it did not repeal it by implication. 3 How. Stat. §§ 1371–1378, treats in detail of obstructions to highways, and of encroachments thereon, of the notices that shall be given in cases of obstruction, and how actions shall be brought. It provides for service of process, and gives the right of trial by jury when demanded, and the right to an appeal to the circuit court, and a right of trial by jury there. It also provides that the encroachment may be removed by the commissioner within 10 days after final judgment.

These two statutes were construed by Justice CAMPBELL in the case of *Township of Lebanon* v. *Burch,* 78 Mich. 641. In that case, after reciting the various provisions of the statute, the learned justice said:

" This furnishes complete and specific relief, in connection with trial by jury, to which the landowner is consti-

tutionally entitled, and leaves no occasion for resort to equity, unless under some possibly peculiar circumstances, which cannot generally exist."

Continuing the discussion, he said:

"Under the highway law, no township officer, except the commissioner, has any right to meddle with highway matters. His duty is, when he thinks a road is encroached on, to satisfy himself in some responsible way, which will bear the test of a lawsuit, where the highway lines are, and how they are encroached upon. * * * The bill and proceedings in the present case are entirely repugnant to the rules which have always been observed in regard to jurisdiction and procedure. In the first place, there is not only an adequate remedy at law, but one devised for the very purpose, and made obligatory in terms, and better adapted to do justice; * * * and in this connection it should be noted that, by the settled practice in England and here, a bill cannot be filed to take into a court of chancery jurisdiction over a controversy of a legal nature, without a verification of such facts as show its propriety."

Applying the language of this able jurist to the case under consideration, it seems to be clearly shown that the bill of complaint was properly dismissed. The complainants have an adequate remedy at law, and no facts are stated in the bill indicating the necessity of the court of equity taking jurisdiction.

The decree of the court below is affirmed.

The other Justices concurred.