DANIEL CARROLL, Appellant, v. CITY OF MAR-
SHALL, Respondent.

Kansas City Court of Appeals, April 27, 1903.

1. **Municipal Corporations:** DAMAGES FOR GRADING: BENE-
FITS: TAXBILLS. In an action by a property-owner for chang-
ing the grade of a street, the city can not set off the cost of a
specific improvement, which was paid for by the plaintiff, on the
ground that the improvement benefited the property.

2. ———: ———: ———: ———. Where the grading, paving and
curbing benefits the abutting property more than the cost of the
work evidenced by taxbills, the city may set off such excess of
benefit against the damages for changing a grade. (Neenan v.
Smith, 50 Mo. 529, distinguished.)

Appeal from Saline Circuit Court. — *Hon. Samuel
Davis,* Judge.

REVERSED AND REMANDED.

*Robt. B. Ruff* and *Robt. M. Reynolds* for appel-
lant.

(1) In adjusting the compensation of the land-
owner, the rule in this State, where private property is
damaged for public use, is the same as when private
property is taken for public use, and in each case the
benefit to be deducted from the damage is the direct and
peculiar benefit that results in particular to the owners
of property, and not the general benefit that such land
derives in common with the lands of other owners in
the neighborhood. Hickman v. Kansas City, 120 Mo.
122; Kent v. St. Joseph, 72 Mo. App. 44. (2) When
property is damaged by establishing the grade of a
street, or by raising or lowering the grade of a street
previously established, it is damaged for the public use
within the meaning of the Constitution. Worth v.
Springfield, 78 Mo. 110; Gibson v. Owens, 115 Mo. 258;

Davis v. Railroad, 119 Mo. 186; Hickman v. Kansas City, 120 Mo. 122; McAntire v. Telephone Co., 75 Mo. App. 538. (3) The theory of law is that the consideration of the taxbill is the benefit the property is to derive from the improvement. Upon no other ground will such partial taxation for a moment stand. Cooley on Taxation, chap. 20, page 625; Neenan v. Smith, 50 Mo. 528; Farrar v. City of St. Louis, 80 Mo. 386; Thornton v. City of Clinton, 148 Mo. 663; Land and Implement Co. v. Campbell, 65 Mo. App. 113. (4) Special assessments are made upon the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds, and in addition to the general levy they demand that special contributions in consideration of special benefits shall be made by persons receiving it. Cooley on Taxation, chap. 20, pages 606 and 607; Farrar v. City of St. Louis, 80 Mo. 387; Kansas City to use v. Ridenour, 84 Mo. 259; Thornton v. City of Clinton, 148 Mo. 663; Land and Implement Co. v. Campbell, 65 Mo. App. 113; Levee Co. v. Hardin, 27 Mo. 495; Sheehan v. Good Samaritan, 50 Mo. 155; Independence v. Gates, 110 Mo. 382; Dillon on Municipal Corporation (4 Ed.), sec. 761.

*W. E. Rainey* and *J. F. Barbee* for respondent.

(1) Instruction number three is not objectionable as being a comment on the evidence. The jury are not therein instructed that plaintiff's property was benefited by the grading, macadamizing, curbing and guttering of said street, but are instructed that if they did so find from the evidence, then the fact that the street in front of plaintiff's property is a graded and macadamized street, with curbs and gutters, are facts which may be taken into consideration by the jury as special benefits

Vol 99 app—30

to said property. Railway v. Fowler, 142 Mo. 683. (2)   The court may instruct the jury as to the legal effect of facts which are admitted or which are so clearly proven as to be beyond dispute, or where there is no countervailing testimony.   Slayback v. Gerkhardt, 1 Mo. App. 333; Rice v. McFarland, 41 Mo. App. 496, and authorities cited.   Van Natta v. Railway, 133 Mo. 22, and authorities cited; Boland v. Quarry Co., 127 Mo. 520.   (3)   The plaintiff can not complain that instruc-tion number three was prejudicial to him, even should the court take the view that it is erroneous, in that it states that the fact that the street in front of plaintiff's property is graded and macadamized, with curbs and gutters, may be taken into consideration by the jury as special benefits accruing to his lots because instruction number four, asked for by plaintiff and given by the court in his behalf, contains a like statement.   Soldanels v. Railway, 23 Mo. App. 516.   (4)   The plaintiff failed to make out his case and fix the liability of the defend-ant.   The demurrer to the evidence, submitted by de-fendant, at the close of plaintiff's testimony, should have been sustained.   Stewart v. Clinton, 79 Mo. 611; 1 Dillon on Munic. Corps., sec. 247; Underhill on Evi-dence, sec. 143a.   (5)   Unless it be shown that improve-ment of the street be authorized by ordinance, the city is not liable for damages resulting from the work.   Rives v. Columbia, 80 Mo. App. 173; Kolkmeyer v. Jefferson City, 75 Mo. App. 678.   (6)   The defendant submits the following authorities in support of the instructions asked and given in its behalf.   The theory of the case insisted upon by the defendant is amply sustained by the rulings of the court in these cases:   Railway v. Fowler, 142 Mo. 683; Rives v. Columbia, 80 Mo. App. 173; Berkson v. Railway, 144 Mo. 220; Railway v. Ridge, 57 Mo. 599.

ELLISON, J.—Plaintiff is the owner of several lots in the city of Marshall, Missouri, along the front

of which the city raised the grade of the street so as to leave the lots below the level of such street. He brought this action for damages to such property and failed in the trial court.

It appears that the street was not only graded, but was also macadamized and curbed. The court gave an instruction for defendant wherein it was declared that the fact the street was a graded and macadamized street with curbs and gutters, could be taken into consideration by the jury as benefits to plaintiff which should be deducted from his damage. Plaintiff objects to the instruction. He says in support of his objection that he had already paid for the grading, paving and curbing; or would, under the law, be compelled to pay for it through special taxbills issued for such improvements. That if such grading, paving and curbing is to be now charged against his damage, it will be forcing him to a double payment. We believe the objection to be sound. The cost of specific improvement which has been paid for by a property-holder ought not, in justice, to be set off against his loss by reason of damage to his property. That benefit, *up to the amount of the cost* thereof, has been settled by the property-owner himself, and the city has no right to use it as an offset to his claim for damages.

But we think it would be going too far to say that such improvements are not to be considered at all. Grading, paving and curbing a street may, and frequently do, benefit the abutting property largely more than the cost of the work and material evidenced by the taxbill which the property-owner pays. The instruction ought to have been so worded that the only benefit to be allowed against plaintiff's damage would be that which was in excess of what such improvements had cost him by reason of the special assessment therefor. If the benefit did not exceed the cost, then no benefit would be counted against him in estimating the damage.

An expression is used in Neenan v. Smith, 50 Mo. 529, that special assessments for local improvements are had "to pay for the benefits which they are supposed to confer." This expression is quoted by Judge VALLIANT, in Thornton v. City of Clinton, 148 Mo. 663. But it was not meant by that expression that the special assessment paid for the *whole* benefit in such sense as to be applicable here. It only pays for that portion of the benefit which is represented in the cost of the benefit, that is to say, the cost of the improvement.

The judgment is reversed and the cause remanded. All concur.