## ELIZABETH M. POWELL AND MARY E. POWELL, Respondents, v. CITY OF COLUMBIA, Appellant.

**Kansas City Court of Appeals, January 30, 1911.**

**MUNICIPAL CORPORATIONS: Grading: Damages.** In an action to recover damages caused by grading, the admission of the testimony of plaintiff, an abutting owner, that water stood on the street graded, after, as it did before, the improvement, although no special damages were pleaded, was not error. This evidence was not an element of damages. Its only effect would be to lessen benefits

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*H. A. Collier, E. W. Hinton* and *W. H. Rothwell* for appellant.

*Charles J. Walker* and *A. W. Walker* for respondents.

BROADDUS, P. J.—The plaintiff's action is to recover damages alleged to have been caused to their property by the city of Columbia in grading down the natural surface of Paquin street to conform to the established grade. The plaintiffs' property consisted of a residence fronting 62 feet on Matthews street and extending back along the south line of Paquin street 166 feet. Plaintiffs' residence fronts east on Matthews street; on the west end of the lot there are some fruit trees and a barn, where plaintiffs kept their horse and vehicle. Prior to the grading, plaintiffs' access to their barn was from Paquin street. The condition of the street after it was graded prevented such access by reason of the steepness of the approach thereto, and plaintiffs were compelled to reach their barn by entering the premises in front on Matthews street. Before the paving was done there was a sag in Paquin street, east of the intersection of the two streets, in which water in rainy seasons accumulated, so that it extended to Matthews street.

Plaintiffs introduced evidence to show the extent of their injury. And defendants introduced evidence of a counter character and tending to show that plaintiffs had been benefited rather than injured by the improvement. The jury by consent of the parties were permitted, in charge of the sheriff, to visit the locality in dispute.

In the examination of Elizabeth Powell, she was asked: "What has been the condition of the street next to your property since it was paved, with reference to mud, and whether it accumulated on it?" This was objected to as no special damages were pleaded. The objection was overruled and witness answered: "Parties can go around another way; they usually do after a big rain; after a big rain the water is standing from our place to the property opposite. There is al-

ways mud there; it is always muddy and sloppy around the property in rainy weather,'' etc.

Defendant introduced evidence to show that the street was in bad condition and the water stood on it before grading, and that the drainage was improved by the grading. A photograph was introduced by defendant showing a pool of water covering the street at the east end of the plaintiffs' property.

The court instructed the jury as follows: ''The court instructs the jury that every street of the defendant city belongs to the owners of the property abutting thereon to the center line of such street subject to the easement of the city therein for a public highway and the court further instructs you that under the Constitution of this state the city of Columbia has no right to change the grade of any street until it has caused a jury or board of freeholders to ascertain what, if any damage, will be sustained by property abutting on said street and until it has further paid the amount of such damage, if any, to the owners of such abutting property.

''Therefore if you believe from the evidence that Paquin avenue was at all times mentioned in the petition one of the legally established streets of the city of Columbia and that the plaintiffs are and were at all said times the owner of the lot mentioned abutting on said street and that during the year 1907 the defendant city pursuant to the ordinances read in evidence did cut down and lower the grade of Paquin street abutting on said lot without first causing a jury or board of freeholders to ascertain what, if any, damage would be sustained by the abutting property and that plaintiffs' lot was damaged by cutting down and lowering the grade of said street, then your verdict must be for the plaintiffs, for such amount as you may find to have been sustained not exceeding $825.

''2. The court instructs the jury that if under the

evidence and instructions your verdict be for the plaintiffs, then you should assess plaintiffs' damage at such amount as you may find the market value of plaintiffs' property immediately before said grading was commenced exceeded the market value thereof immediately after said grading was finished, if any, less the value of any special benefits you may find were conferred on plaintiffs' property by the grading, that is, benefits which are *peculiar* to plaintiffs' property and not common to all property of that locality but you must not consider any benefits to plaintiffs' property which are common to all property of that locality nor any benefits whatever conferred by the paving and curbing of Paquin avenue.''

The plaintiffs recovered a judgment for $325 and defendant appealed.

Much stress is given to the alleged error of the court in admitting evidence of Elizabeth Powell, over the objection of the defendant. The argument is that it goes to prove special damages, none being alleged in the petition. [Macy v. Carter, 67 Mo. App. 323; State ex rel. v. Blackman, 51 Mo. 319.]

We do not think the objection is well taken, as the evidence did not tend to prove damages, but only to show that water stood on the street after as it did before the improvement, which was not an element of damages. Its only effect would be to lessen benefits.

The first paragraph in instruction 1 given for plaintiffs, was improper, and altogether unnecessary. But we do not think it could have worked any harm, as the second and concluding paragraph let the jury down from the dizzy heights of constitutional law, and told them in plain and unmistakable and familiar language what duty they should perform if they found that the plaintiffs' lot had been damaged by the lowering of the grade of the street, viz.: To return a ver-

dict for plaintiffs for such an amount as they might find they had sustained.

The criticism of plaintiffs' second instruction is that it was error to tell the jury that the benefits to be considered in the reduction of damages must be peculiar to plaintiffs' property. The word was not italicized in the instruction. It was used in the sense as synonymous with special. One is the synonym of the other. [Railroad v. Brick Co., 198 Mo. l. c. 714.]

Secondly it was misleading in telling the jury that they could not consider any benefits whatever conferred by the paving and curbing of Paquin avenue. It is held that: "Where the grading, paving and curbing benefits the abutting property more than the cost of the work evidenced by the taxbills, the city may set off such excess of benefits against the damage for changing the grade." [Carroll v. City of Marshall, 99 Mo. App. 464.] It is, however, held in a later decision that such benefits are not proper subjects to set off. [Investment Co. v. St. Joseph, 191 Mo. l. c. 470-471.]

Finding no error in the record the cause is affirmed. All concur.