## NELSON *v.* SMITH.

1. DAMAGES—SPECIAL DAMAGES SHOULD BE SPECIALLY PLEADED.
    In action for damages for inducing breach of contract employing plaintiff as attorney, damages are special in character and should have been specially pleaded.

2. SAME—PLEADING—DEFENDANT ENTITLED TO BE INFORMED OF DAMAGES SOUGHT.
    In action for damages for inducing breach of contract employing plaintiff as attorney, defendant is entitled to be reasonably informed as to nature and extent of damages sought.

3. DISMISSAL AND NONSUIT—MISCARRIAGE OF JUSTICE—NOMINAL DAMAGES—APPEAL AND ERROR.
    If damages are only nominal, no miscarriage of justice has resulted from dismissal of plaintiff's declaration in action for damages for inducing breach of contract employing him as attorney (3 Comp. Laws 1929, § 15518).

4. APPEAL AND ERROR—NOMINAL DAMAGES—PERMISSION TO APPEAL.
    If plaintiff's damages are only nominal, his appeal to Supreme Court without first obtaining permission should be dismissed (3 Comp. Laws 1929, § 15491).

5. Pleading—Failure to Amend—Dismissal and Nonsuit—Court
  Rules.
    Action for damages for inducing breach of contract employing
      plaintiff as attorney was properly dismissed, where he failed
      to file amended pleadings to meet objections to declaration
      for failure to plead damages after being given reasonable
      opportunity to do so (Former Circuit Court Rule No. 21, §§ 8,
      10 and Rule No. 30).

Appeal from Bay; Houghton (Samuel G.), J.
Submitted January 20, 1932. (Docket No. 207, Cal-
endar No. 36,164.) Decided April 4, 1932.

Action by Walter M. Nelson against Carl Smith.
Case dismissed. Plaintiff appeals. Affirmed.

*Walter M. Nelson, in pro. per.*

*Carl Smith, Clark & Henry,* and *Hubert J. Gaff-
ney,* for defendant.

North, J. The defendant moved to dismiss plain-
tiff's suit on the ground that the declaration did not
state a cause of action. Following the hearing of
this motion plaintiff filed an amended bill of par-
ticulars. Thereafter defendant again moved to dis-
miss, and, among other reasons, set forth the fol-
lowing:

"For the reason that, as to plaintiff's alleged
agreement pertaining to one Osborne, said declara-
tion and bill of particulars, as amended, set forth no
facts which show such agreement, nor the compensa-
tion, if any, to be received by said plaintiff for his
services, nor any loss resulting to said plaintiff."

Plaintiff reviews by appeal the trial judge's order
dismissing his declaration. Plaintiff is an attorney-
at-law. Without quoting the material allegations of

his declaration, which contains much irrelevant matter, it may be stated his cause of action is for damages by way of lost compensation which he claims he sustained by reason of the defendant inducing one Fred B. Osborne to breach his contract with plaintiff for professional services. The common counts in assumpsit are added. Defendant's motion to dismiss stresses the claim that plaintiff's declaration and bill of particulars as amended do not set forth the compensation, if any, which plaintiff would have received for such services or any other specific loss resulting to plaintiff from the wrong alleged to have been done by defendant.

That plaintiff could have furnished a more informative bill of particulars quite conclusively appears from the statement in his brief as to the character of his damages. He states:

"All of the effort, time and expense in the common project of recovering the purchasers' losses made necessary by the defendant's breach of the rights and duties set forth in the declaration are chargeable to the defendant as damages."

Surely he could have specified the extent of the "effort," the "time" expended, and the various items of "expense" incurred. On the matter of informing defendant of the nature and extent of his damages, plaintiff's attitude is thus disclosed in his brief:

"If the declaration justifies the allowance of nominal damages the defendant's motion must be denied. Whether more than nominal damages are properly averred or proven, is for the day of trial and for the jury."

From plaintiff's declaration and amended bill of particulars it is not possible to ascertain whether

the compensation for the loss of which he seeks recovery was a sum of money to be later agreed upon between him and his client, whether the compensation was to be on a *per diem* basis, or whether it was to be some definite or indefinite part of the amount recovered for the client. Clearly plaintiff's alleged damages are special in character; and unless they are pleaded the defendant is left entirely in the dark as to this important element of plaintiff's suit. Defendant is entitled to be reasonably informed as to the nature and extent of the damages for which plaintiff brought suit.

"Such damages as are presumed necessarily to result from the breach of contract need not be stated with particularity, but in other cases it is essential to state the damage specially and circumstantially in order to apprise the defendant of the facts intended to be proved, or the plaintiff will not be permitted to give evidence of such damage on the trial." 2 Abbott's Cyc. Michigan Practice (2d Ed.), p. 1394.

"It is a familiar principle that damages which are peculiar to the case and spring from exceptional circumstances must be specially alleged or they cannot be recovered." *Brink* v. *Freoff,* 44 Mich. 69.

See, also, *Heiser* v. *Loomis,* 47 Mich. 16; *Krueger* v. *Le Blanc,* 62 Mich. 70.

Plaintiff's declaration and amended bill of particulars were filed in the circuit court prior to the time that the 1931 court rules became effective. Former Circuit Court Rule No. 21 provides:

"Sec. 8. Whenever a pleading, at law or in equity, is deemed to be indefinite, uncertain or incomplete, a further and better statement of the nature of the claim or defense or further and better

particulars of any matter stated in any pleading may be ordered on motion. * * *

"SEC. 10. The court on motion and upon equitable terms, shall strike from the files every pleading not drawn in conformity to these rules."

Former Circuit Court Rule No. 30, § 2:

"If the plaintiff shall unreasonably neglect to furnish a bill of particulars, or if the bill of particulars delivered be insufficient, the court may in its discretion nonsuit the plaintiff, allow further time to furnish it, or require a more particular bill to be delivered."

Appellant's contention that his declaration at least sets forth a cause of action entitling him to recover nominal damages is hardly tenable. If his damages are only nominal, obviously it should be held in a case of this character that a miscarriage of justice has not resulted from dismissal of plaintiff's declaration. (3 Comp. Laws 1929, § 15518.) Further, if plaintiff's damages were only nominal, his appeal, which has been brought to this court without first obtaining permission, should be dismissed under the statute. (3 Comp. Laws 1929, § 15491.) The *ad damnum* clause is for $25,000, and we are constrained to dispose of the case as one in which plaintiff seeks to recover substantial damages. A fair and reasonable opportunity was given plaintiff by the circuit judge to file amended pleadings to meet the objections raised by the defendant. This plaintiff failed to do. The circuit judge acted in accordance with the provisions of the court rules in dismissing plaintiff's declaration. The judgment of the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.